■ CRISAFULLI BROTHERS, INC., Respondent, v BEVERLY CLANTON, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 17, 1986 in Schenectady County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff is a foodstuffs supplier to businesses and restaurants. Defendant purchased all the corporate stock of The Place for Steaks, Inc., (hereinafter the Place) in August 1985 and became its sole officer. At the time of the transfer of ownership, the Place owed plaintiff $4,874.55.

Pursuant to a request from plaintiff's salesman, defendant signed a document entitled "New Customer Form" which carried the legend account No. 2,800. The form had a personal guarantee from which read as follows:

"I/We the undersigned, request [plaintiff] to sell and deliver foodstuffs and other merchandise to the responsible party as stated in the application on the reverse side hereof, and further certify that the information provided on the customer application is true and correct.

"In the event that there is a delinquency in payment, I/We agree that a delinquency charge of 1% per month will be assessed upon the balance due, and, in the event of a default in payment, that the customer will pay to [plaintiff] all collection costs and an attorney's fee of 33⅓% of the unpaid balance.

"I/We personally and individually guarantee payment in full to [plaintiff] including any and all delinquency charges, collection costs and attorney's fees incurred as specified above, and waive any presentment, demand,

protest or other notice from [plaintiff] regarding this guarantee of payment.

"By S/Beverly Clanton

"(Do not indicate corporate office)."

Defendant paid all moneys due under account No. 2,800. Balances due from the Place before defendant bought it were billed under prior account No. 1,466. The Place made some payments under the old account by corporate checks. On January 23, 1986 the Place filed for reorganization under Federal Bankruptcy Act (11 USC) chapter 11. Plaintiff then commenced the instant suit against defendant for the outstanding debts of the Place pursuant to the personal guarantee defendant executed.

The issue here is whether Supreme Court correctly granted summary judgment in plaintiff's favor. We hold that it did not. The implications of the personal guarantee executed by defendant are clear. Although defendant denied that she signed the new customer document in other than her corporate capacity, the personal guarantee bearing her signature belies that assertion (see, Mencher v Weiss, 306 NY 1). However, there remains for resolution the issue of how far the personal guarantee extended. Plaintiff seeks to hold defendant liable for the corporate debts of the Place which had been incurred before the personal guarantee was executed. Supreme Court concurred that the guarantee extended to past corporate debts.

It is an established rule of law that the language of a guarantee agreement must be given its ordinary meaning. It is equally accepted law that the liability of a guarantor cannot be extended in the application of the guarantee beyond the clear agreement of the parties (Richardson v County of Steuben, 226 NY 13). Here, a personal guarantee was exacted from defendant in return for further deliveries. The document did not speak to an assumption of prior debts of the Place. Supreme Court improperly found to the contrary based on its acceptance of extrinsic facts unnecessarily resorted to for an understanding of the guarantee.

A contract of surety shall not be construed to have retroactive operation unless express words or necessary implication dictate such effect (People v Lee, 104 NY 441). The clear meaning of the words used in the instant guarantee is that the parties intended to create a new account. There was no consideration expressed for an agreement to pay the debts of the Place already extant.

Order reversed, on the law, with costs, motion denied and cross motion for summary judgment dismissing the complaint granted. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.