■ CHASE LINCOLN FIRST BANK, N. A., Respondent, v JESSICA SMITH, Appellant.—Harvey, J. Appeal (1) from an order of the Supreme Court (Smyk, J.), entered January 11, 1988 in Broome County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

On January 23, 1985, defendant executed a written agreement guaranteeing all of the existing and future debts owed by Kaminsky Design & Sign, Inc. (hereinafter KDS) to Lincoln Lease/way, Inc. (hereinafter Lincoln), a wholly owned subsidiary of plaintiff. KDS subsequently defaulted on a lease with plaintiff involving certain computer equipment. Plaintiff had

paid $11,190.20 for the equipment and leased it to KDS for 60 monthly payments of $252.18, plus sales tax, with an option to purchase at the end of the lease for $1,119.02. KDS had made eight payments on the lease prior to its default.

After the default, plaintiff repossessed the computer equipment and sold it for $4,050. Plaintiff then sought to recover, *inter alia,* the total of the payments still due under the lease, plus the amount of the purchase option and statutory interest from the time of the default. KDS and its president, Edward Gimzek, another guarantor of the debt, had both filed for protection under Federal bankruptcy law. Plaintiff therefore commenced the instant action against defendant. The dispute focused on whether defendant's guarantee included the subject lease. Resolution of this issue turned primarily on when the lease became effective. Following discovery, both sides moved for summary judgment. Supreme Court granted plaintiff's motion. The court further granted plaintiff the full measure of damages sought for a total of $10,895.15,* plus statutory interest from November 1, 1985. This appeal by defendant ensued.

Defendant contends that the subject lease agreement was in effect prior to the date that she gave her personal guarantee to Lincoln and that she is not liable for that debt because there was a failure of consideration. While a guarantor's liability is strictly construed, fundamental principles of contract law are applicable and the guarantee contract should thus be interpreted to reflect the intentions of the parties *(Richardson v County of Steuben,* 226 NY 13, 19-20; *Crisafulli Bros. v Clanton,* 128 AD2d 963, 964; *Fehr Bros. v Scheinman,* 121 AD2d 13, 15-16). Close review of the facts underlying this litigation is necessary to determine whether the lease in question was in effect prior to the date defendant gave her personal guarantee to Lincoln.

In late 1984, KDS sought to lease certain computer equipment from Multi-Systems Integrators, Inc. (hereinafter Multi-Systems). Multi-Systems participated in a vendor leasing program with Lincoln. Multi-Systems contacted Lincoln regarding the proposed transaction and, on December 17, 1984, Lincoln sent certain papers to Gimzek with respect to the transaction. Gimzek was required to sign a lease form, which he did on

---

* This figure was calculated as follows: 52 remaining payments on the lease at $252.18 for a total of $13,113.36, plus the purchase option price of $1,119.02, plus $712.77 for sales tax, minus $4,050 received when the equipment was repossessed and sold.

December 21, 1984. The lease form had blank spaces for Lincoln to indicate its acceptance, for the date of the first payment and for the effective date of the lease. None of these spaces had been filled in at the time Gimzek signed the lease form. Defendant, however, puts great reliance on the fact that the lease provided that if no effective date was included, the lessor would add as the effective date of the lease the *expected* date of delivery of the equipment. The computer had already been delivered by Multi-Systems six days earlier, on December 13, 1984.

After receiving the form from Gimzek, Lincoln proceeded with a credit check which revealed that KDS had only two principals, Gimzek and defendant, KDS' vice-president. On January 16, 1985, Lincoln then informed Gimzek that before a final decision could be made on the "pending lease", personal guarantees would be required from Gimzek and defendant. On January 23, 1985, defendant executed the guarantee agreement and returned it to Lincoln. Subsequently, on January 31, 1985, Lincoln signed the lease and a notice of acceptance of the lease. The lease was then assigned to plaintiff. Further, Multi-Systems was then paid in full for the computer equipment and KDS was notified that its 60 monthly payments of $252.18 would commence on March 1, 1985.

The facts reveal that the parties were aware that acceptance of the lease did not occur until after defendant's personal guarantee was given to Lincoln. The form signed on December 21, 1985 indicated KDS' acceptance of the proposed terms and the equipment. However, the fact that there was a blank space for Lincoln's acceptance together with the ensuing credit check reflect the parties' understanding that the deal would not be consummated until approved by Lincoln. Prior to that acceptance, defendant was required to give her personal guarantee as a condition of the transaction. Hence, there was no failure of consideration.

Similarly unpersuasive is defendant's assertion that the lease was effective on December 21, 1984 and assigned on that date to plaintiff, thus making defendant's subsequent personal guarantee to Lincoln unavailable to plaintiff. The structuring of the transaction and the lease form, while not a model of clarity, when considered with the surrounding facts and circumstances reveal that assignment of the lease to plaintiff did not occur until it had been accepted by Lincoln.

Defendant further asserts that damages and interest were not calculated correctly. The nature of the relationship be-

tween plaintiff and Lincoln as well as the characteristics of the transaction raise a factual issue as to whether the transaction should be treated, for purposes of determining appropriate damages, as a true lease or an installment loan on the sale of personal property *(see, Industralease Automated & Scientific Equip. Corp. v R.M.E. Enters.,* 58 AD2d 482, 487; *Hertz Commercial Leasing Corp. v Transportation Credit Clearing House,* 59 Misc 2d 226, 228-229, *revd on other grounds* 64 Misc 2d 910; *see generally,* 9 NY Jur 2d, Bailments & Chattel Leases, § 15, at 26-27; 53 NY Jur, Secured Transactions, § 28, at 258, 261 [1967]). The matter must therefore be remitted for a determination of the nature of the transaction and the accompanying appropriate measure of damages.

Order and judgment modified, on the law, without costs, by vacating so much thereof as awarded plaintiff $10,895.15, plus interest from November 1, 1985; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.

