■ WOLBERG ELECTRICAL SUPPLY COMPANY, INC., Respondent, v DAVID FRISCH, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 1, 1987 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

On June 24, 1977 defendant, a licensed electrician who had for a number of years been doing business as sole proprietor of D. L. Frisch Company, established a continuous line of credit for electrical supplies with plaintiff. The credit application was signed by defendant as owner and contained an unlimited guarantee of all liability. Some seven years later, on or about October 26, 1984, D. L. Frisch Company was incorporated as D. L. Frisch Company, Inc., with Barbara Frisch, defendant's wife, as president, and this corporation continued to do busi-

ness with plaintiff without informing plaintiff that the sole proprietorship had been incorporated.

Defendant was sued individually, by summons and complaint served on January 19, 1987, for the balance due in the amount of $52,173.48 for goods sold to D. L. Frisch Company, Inc. between July 1986 and November 1986. On April 9, 1987 a default judgment was entered against defendant for his failure to appear, answer or move with respect to the process that was served upon him. On April 14, 1987 defendant was served with notice of entry of the default judgment taken against him, which clearly indicated that "[j]udgment has been entered against you in this case as shown above". An information subpoena was thereafter mailed to defendant on May 12, 1987 by certified mail, return receipt requested, and was signed for by Barbara Frisch on May 13, 1987. Entry of judgment against defendant for the total sum of $61,929.03 is clearly stated therein. On June 12, 1987 a second copy of the information subpoena was forwarded to defendant, with a cover letter advising him of the consequences of his failure to respond.

Assuming that defendant has alleged a sufficient excuse for the default (see, Clark v Sherwood, 117 AD2d 973), we find that he has failed to establish the existence of a meritorious defense. The record conclusively establishes that the parties' business relationship began as one between plaintiff and defendant, who was acting as sole proprietor of D. L. Frisch Company. According to plaintiff's allegations, the relationship continued as such through and including the period at issue, July 1986 through November 1986. Defendant concedes that he executed an unlimited guarantee with plaintiff for the debts of D. L. Frisch Company, but alleges that prior to the period at issue his wife had formed a corporation and that the corporation thereafter obtained credit from various suppliers, including plaintiff. Defendant submitted no documentary evidence to support either of these allegations, but more importantly, there is nothing in the record to indicate that defendant ceased doing business as D. L. Frisch Company or that the goods purchased from plaintiff during the period at issue were purchased by defendant in his capacity as an agent or officer of the corporation, rather than in his capacity as the proprietor of D. L. Frisch Company (see, 15 NY Jur 2d, Business Relationships, § 1028, at 288). On the contrary, the statements of account for the period at issue contain no indication that defendant purchased the goods as anything other than the sole proprietor of the business with which

plaintiff had dealt for years. Accordingly, defendant has failed to establish the existence of a meritorious defense and Supreme Court's order should, therefore, be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Levine and Harvey, JJ., concur.