■ FAIRVIEW BLOCK & SUPPLY CORPORATION, Respondent, v MISCIONE, INC., et al., Defendants, and NICK MISCIONE, Appellant.—Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered August 2, 1989 in Dutchess County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff is a manufacturer and supplier of building materials located in Dutchess County. In April 1979, plaintiff began selling materials to defendants Miscione, Inc. and Miscione of Connecticut, Inc. (hereinafter the corporations). A written agreement was executed at that time pursuant to which defendant Nick Miscione (hereinafter defendant) personally guaranteed payment of any amounts due on the corporations' account with plaintiff. Plaintiff continued to regularly supply defendant with materials, including supplies delivered between March 1985 and May 1985 for a particular project known as the "Armory job". Plaintiff was not paid for materials supplied for the Armory job and consequently commenced this action against defendant and the corporations. Plaintiff was subsequently served with an answer alleging the dissolution of the corporations and demanding dismissal of the complaint. The record reveals that the corporations were dissolved prior to 1985 and that in December 1983, a new corporation, Miscione-Luzi-Ericson, Inc., was created. Plaintiff moved for, *inter alia,* summary judgment against defendant as the guarantor of the corporations' debts to plaintiff. Supreme Court granted the motion and this appeal by defendant followed.

There should be an affirmance. We reject defendant's contention that his liability as guarantor of the corporations' debts to plaintiff terminated with the dissolution of the corporations. The factual allegations submitted by plaintiff in support of the motion for summary judgment demonstrate that defendant continued to accept materials from plaintiff, including those for the Armory job, on behalf of "Miscione" or "Miscione Const". At no time did defendant notify plaintiff that the corporations had been dissolved and defendant's relationship with plaintiff remained unchanged after the cor-

porations' dissolution. The materials delivered and the nature of the work were the same and deliveries to the Armory job for "Miscione" and "Miscione Const" were regularly accepted.

Where there is no significant change in the business dealings between a principal obligor and a creditor, a mere change in the identity of the obligor should not discharge the surety *(see, State of New York v International Fid. Ins. Co.,* 152 AD2d 77, 80; *Fehr Bros. v Scheinman,* 121 AD2d 13, 16-17). This is especially so where the business activities pertinent to the guarantee of payment remain the same *(see, State of New York v International Fid. Ins. Co., supra,* at 81). In light of the foregoing, plaintiff successfully demonstrated its entitlement to summary judgment, placing the burden on defendant to come forward with proof creating triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). Defendant, who relied on the affidavit of his attorney in opposing the motion for summary judgment, can point to nothing in the record that would demonstrate that the materials purchased from plaintiff for the Armory job should not be subject to defendant's guarantee or that they were purchased by and delivered to an entity other than that with which plaintiff had dealt for years *(see, Wolberg Elec. Supply Co. v Frisch,* 145 AD2d 800, 801-802). Accordingly, plaintiff was properly granted summary judgment.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.