■ ROBERT J. SKRABALAK et al., Respondents, v JEROME F. ROCK, Appellant. [617 NYS2d 912] —Peters, J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered December 23, 1992 in Broome County, which, *inter alia,* granted plaintiffs' motion to compel discovery, (2) from an order of said court, entered July 30, 1993 in Broome County, which granted plaintiffs' motion for summary judgment, and (3) from an order of said court, entered November 22, 1993 in Broome County, which denied defendant's motion to vacate a prior judgment of the court.

This action arises out of defendant's personal guarantee of performance regarding the management and purchase of a restaurant and bar in Broome County. On February 22, 1982, plaintiffs and Paul Darpino entered into an agreement entitled "Management Agreement and Option to Purchase" (hereinafter Management Agreement), by which Darpino was granted the right to operate the subject restaurant and bar pending his application for a liquor license. Such agreement further included the option to purchase such restaurant and bar once the license was issued to Darpino. Darpino thereafter assigned his interest in the agreement to J. M. Rock, Inc.

By a subsequent document dated February 27, 1982, plaintiffs entered into a purchase agreement for the restaurant and bar with J. M. Rock, Inc. This agreement was signed by James M. Rock on behalf of J. M. Rock, Inc. In June 1982, defendant executed a guarantee of performance under which he agreed to "guarantee the performance of Paul Darpino and James M. Rock, Inc., as the assignee of the Management Agreement and Option to Purchase", and further agreed to "guarantee the performance of James M. Rock, Inc., pursuant to the terms of the Agreement to Purchase the Business * * * dated February 27, 1982".

The instant action was commenced in May 1990 alleging that Darpino and James M. Rock, Inc. had defaulted under the terms of the Management Agreement. After issue was joined, plaintiffs moved to compel a deposition of defendant and defendant cross-moved for dismissal alleging a lack of personal jurisdiction. In finding that the court had personal jurisdiction and that defendant's sole basis for contesting plaintiffs' motion was the alleged lack of jurisdiction, Supreme Court granted plaintiffs' motion and denied defendant's cross motion.

Plaintiffs thereafter moved for summary judgment contending that the documentary evidence obligated defendant to be liable for a breach of the Management Agreement. Defendant conceded that he executed the subject guarantee but alleged that when Darpino assigned his interest thereunder, his obligation expired. Defendant further contended that while he guaranteed the obligations of James M. Rock, Inc., he did not guarantee the performance of J. M. Rock, Inc., the corporation actually referred to in the aforementioned agreements. Supreme Court rejected such contentions, granted summary judgment and denied defendant's request for depositions. Thereafter, defendant moved to vacate such judgment alleging

that it was entitled to a trial on damages. Supreme Court denied defendant's motion and defendant now appeals from all such orders.

Addressing the issue of personal jurisdiction, we find that Supreme Court correctly determined that defendant's guarantee of an obligation to be performed in this State is sufficient to confer personal jurisdiction over defendant pursuant to CPLR 302 (a) (1) *(see, Rielly Co. v Lisa B. Inc.,* 181 AD2d 269; *Fashion Tanning Co. v Shutzer Indus.,* 108 AD2d 485; *see also, Peekskill Community Hosp. v Graphic Media,* 198 AD2d 337).

Addressing next the award of summary judgment, we find that defendant's contentions that the assignment by Darpino constituted a substantial change in the nature of the entity that he guaranteed was appropriately rejected. Although a guarantor may be discharged from liability under a guarantee when there has been a substantial change in the nature of the guarantee *(see, State of New York v International Fid. Ins. Co.,* 152 AD2d 77; *Fehr Bros. v Scheinman,* 121 AD2d 13), to determine whether such discharge has occurred: "[t]he appropriate inquiry focuses on the extent to which the changes in [the] form of the entity whose debts are guaranteed significantly alter the business dealing between the principal obligor and the creditor and whether they have a potentially adverse impact on the nature of the surety's undertaking, particularly on the degree of risk the surety assumed" *(State of New York v International Fid. Ins. Co., supra,* at 80-81).

Here defendant asserts that he intended to guarantee the performance of an entity involving both Darpino and J. M. Rock, Inc. which he viewed as involving "little risk" because Darpino had considerable wealth. The record, however, reflects that by the clear language of the guarantee, defendant had knowledge of Darpino's assignment and later guaranteed the performance of James M. Rock, Inc. even without Darpino's participation. Hence, we find that there was little change in the degree of risk assumed by defendant and note that notwithstanding such assignment, Darpino remained liable thereunder *(see, Toroy Realty Corp. v Ronka Realty Corp.,* 113 AD2d 882; *Cowper Co. v CDC-Troy, Inc.,* 50 AD2d 1076). We further find that there was no change in the nature of the business activities pertinent to the guarantee by virtue of Darpino's withdrawal *(see, Fairview Block & Supply Corp. v Miscione, Inc.,* 167 AD2d 814) or by the change in corporate name from J. M. Rock, Inc. to James M. Rock, Inc., since the underlying agreements to which the guarantee referred were clearly identified *(see, State of New York v International Fid.*

*Ins. Co., supra,* at 81). Hence, giving effect to the intent of the parties *(see, Chase Lincoln First Bank v Smith,* 144 AD2d 816), we find that Supreme Court correctly determined that defendant was not excused from his guarantee.

Since it is undisputed that defendant signed the guarantee and never contested the default in the payment of the loan to Marine Midland as caused by the breach of the Management Agreement or the judgment rendered as a result thereof, we find that Supreme Court correctly granted the motion for summary judgment. We further find that the Supreme Court properly denied defendant's request to depose plaintiffs prior to ruling on this motion *(see,* CPLR 3212 [f]). As to all further contentions, they are either without merit or foreclosed from appellate review *(see, Rohdie v Michael Guidice, Inc.,* 132 AD2d 541). Accordingly, we affirm all orders.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.