■ NICHOLAS A. CUTAIA, INC., Respondent, v BUYER's BAZAAR, INC., et al., Appellants. (Appeal No. 1.) [637 NYS2d 857] —Judgment and order unanimously affirmed with costs. Memorandum: In February 1993 West Brighton entered into a commercial lease with defendant Buyer's Bazaar, Inc. Defendant Philip Fedele, the president of Buyer's Bazaar, personally guaranteed the obligations of Buyer's Bazaar under the lease. On November 29, 1993, West Brighton assigned all its interests in the leased property, including Fedele's guarantee, to plaintiff. Contrary to the contention of defendants, the assign-

ment did not terminate Fedele's guarantee. The guarantee specifically provided that the obligation remained despite a default or modification of the lease and was not limited to West Brighton as obligee. A guarantee "is a separate, independent contract between the guarantor and the creditor-obligee and is collateral to the contractual obligation between the creditor-obligee and the principal-obligor" *(Fehr Bros. v Scheinman,* 121 AD2d 13, 15). The change in the identity of the obligee did not affect the substance or extent of the guarantee undertaken by Fedele to constitute "a substantial change in the nature of the guarantee" *(Skrabalak v Rock,* 208 AD2d 1100, 1102). Thus, we conclude that Fedele was not excused from his guarantee.

Defendants' affirmative defense and counterclaim of fraud in the inducement was properly dismissed. Defendants alleged that West Brighton's promises to repair and refurbish the premises were fraudulent and not fulfilled. In addition to defendants' failure to plead specifically the elements of a cause of action based on fraud *(see,* CPLR 3016 [b]; *Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 31-32), the cause of action is precluded as a matter of law by a "Tenant Estoppel Letter" executed by Buyer's Bazaar. The letter, signed prior to the assignment from West Brighton to Cutaia, provided that West Brighton "has complied with all of its construction and other obligations, under the Lease to this date".

On June 28, 1994, Fedele's attorney sent a letter to Cutaia indicating that he had been authorized by Buyer's Bazaar and Fedele to amend the lease. The letter included the modifications that had been accepted by Buyer's Bazaar's vice-president the day before. Fedele did not object to the modification until he obtained new counsel six months later. Under those circumstances, Supreme Court properly determined that defendants were bound by the modifications *(see, Meade v Finger Lakes-Seneca Coop. Ins. Co.,* 184 AD2d 952, 953; *Heinike Assocs. v Chili Lbr. Co.,* 83 AD2d 751, 752).

After defendants defaulted on their rent for the months of June and July 1994, plaintiff accelerated the rent under the lease and commenced this action. Realizing that the debt might not be recoverable, plaintiff relet the premises to other tenants commencing February 1, 1995. The court ordered a hearing concerning the reletting costs incurred by plaintiff for which defendants were liable under the lease. Defendants sought a stay of the hearing and discovery of the new leases, contending that the new rents exceeded the rents under the initial lease and that the difference should be applied first to reduce the

reletting costs and then to reduce the back rent. The court properly denied defendants' motion. Although it is well established that a commercial landlord has no duty to mitigate damages *(see, e.g., Holy Props. v Cole Prods.,* 87 NY2d 130; *Centurian Dev. v Kenford Co.,* 60 AD2d 96, 101), where a landlord chooses to re-enter and relet the premises for his own purposes, "the tenant [is] released from further liability from rent" *(Centurian Dev. v Kenford Co., supra,* at 98). Such a surrender and acceptance severs the relationship between the parties upon the creation of an estate inconsistent with the prior tenant's rights under the lease *(see, Centurian Dev. v Kenford Co., supra,* at 100; 2 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 26:35-26:36 [3d ed]). Termination of the lease in that manner, however, does not relieve defendants of liability incurred prior to the surrender, and thus, defendants are liable for the accrued rent and other sums under the lease, including reletting costs and attorney's fees. (Appeal from Judgment and Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.