# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1149**

**CA 16-00603**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

CLEARVIEW FARMS LLC, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SHAWN FANNON, DEFENDANT-RESPONDENT.

---

ANDREW J. DICK, ROCHESTER, FOR PLAINTIFF-APPELLANT.

-------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 25, 2016. The order and judgment denied the motion of plaintiff to set aside in part the verdict.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order and judgment denying its motion pursuant to CPLR 4404 (b) to set aside in part a verdict rendered following a bench trial on plaintiff's claim for breach of a residential lease. By its verdict, Supreme Court awarded plaintiff landlord the sum of $9,224.41, plus reasonable attorneys' fees, litigation costs and prejudgment interest, "less any amounts Plaintiff collected from re-renting the subject apartment [during the original lease term] as an offset credit to Defendant." In denying the motion, the court declined to delete that offset provision from its verdict. Instead, upon plaintiff's failure to submit a posttrial affidavit "detailing all income/fees it collected from the new tenant as a result of re-renting the subject property," the court determined that plaintiff had "failed to prove its damages and thus [was] not entitled to monetary judgment against Defendant."

We conclude that the court did not err in determining as a matter of law that the accelerated rent clause of the lease constituted an "unenforceable penalty" and in concomitantly determining that plaintiff's recovery was appropriately "limited to actual damages proven" (*172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 536 [internal quotation marks omitted]), notwithstanding that plaintiff was under no duty to mitigate in the first place (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 134; *see also 172 Van Duzer Realty Corp.*, 24 NY3d at 535). We likewise reject plaintiff's contention that the court had no basis for demanding that plaintiff produce additional proof of actual damages, either at trial or posttrial. The court merely afforded plaintiff a second chance to prove its actual damages by means of a posttrial affidavit quantifying

its relevant receipts from its new tenant and, to the extent that there may have been some procedural irregularity here, that irregularity did not prejudice plaintiff, the recipient of that second chance.  Finally, we conclude that the court did not err in ultimately denying plaintiff any recovery of its actual damages in this case based upon plaintiff's failure to quantify and prove such actual damages either at trial or by means of a posttrial affidavit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court