University Sq. San Antonio, Tx. LLC v Mega Furniture Dezavala, LLC (2021 NY Slip Op 05192)





University Sq. San Antonio, Tx. LLC v Mega Furniture Dezavala, LLC


2021 NY Slip Op 05192


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


599 CA 20-01537

[*1]UNIVERSITY SQUARE SAN ANTONIO, TX. LLC, PLAINTIFF-RESPONDENT,
v
MEGA FURNITURE DEZAVALA, LLC, AND MEGA FURNITURE & ACCESSORIES, LLC, DEFENDANTS-APPELLANTS. 






BARCLAY DAMON, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HARRIS BEACH PLLC, PITTSFORD (DALE A. WORRALL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered December 31, 2020. The judgment awarded money damages to plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the affirmative defenses are reinstated, and the cross motion is granted.
Memorandum: Plaintiff commenced this action seeking damages for breach of a commercial lease agreement with defendant Mega Furniture Dezavala, LLC (tenant) and enforcement of the lease guarantee executed by defendant Mega Furniture & Accessories, LLC. Amid the COVID-19 pandemic and governmental restrictions executed in response thereto, the tenant closed its furniture store, stopped making lease payments and abandoned the premises. Thereafter, plaintiff reentered, re-keyed, and retained possession thereof. Plaintiff moved for summary judgment on its complaint and dismissing defendants' affirmative defenses, and defendants cross-moved to compel further discovery seeking information relating to plaintiff's conduct upon reentry of the premises and any actions taken to mitigate damages. Supreme Court issued an order that granted the motion in its entirety and denied the cross motion, and defendants filed a notice of appeal from that order. We note that a final judgment has been entered in this matter, and we exercise our discretion to treat the notice of appeal as valid and deem the appeal to be taken from the judgment instead of the order (see CPLR 5520 [c]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see generally Thornton v City of Rochester, 160 AD3d 1446, 1446 [4th Dept 2018]).
We agree with defendants that the court erred in denying their cross motion and granting plaintiff's motion inasmuch as defendants established that "facts essential to justify opposition [to plaintiff's motion] may exist but cannot . . . be stated" without further discovery (CPLR 3212 [f]). Generally, a tenant is relieved of its obligation to pay full rent due under a lease where it surrenders the premises before expiration of the term and the landlord accepts its surrender (see Centurian Dev. v Kenford Co., 60 AD2d 96, 100 [4th Dept 1977]). A surrender by operation of law may be inferred from the conduct of the parties where "the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem their lease terminated" (Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691-692 [1986]; see Centurian Dev., 60 AD2d at 100), i.e., where the tenant vacates the premises and returns the keys, and the landlord procures a new tenant (see Underhill v Collins, 132 NY 269, 271 [1892]). "Such a surrender and acceptance severs the relationship between the parties upon the creation of an estate inconsistent with the prior tenant's rights under the lease" (Nicholas A. Cutaia, Inc. v Buyer's Bazaar, 224 AD2d 952, 954 [4th Dept 1996]). Further, "conduct by the landlord which [*2][falls] short of an actual reletting but which indicate[s] the landlord's intent to terminate the lease and use the premises for his [or her] own benefit" may evince an intent to accept a tenant's surrender of the premises (Centurian Dev., 60 AD2d at 100). "Whether a surrender by operation of law has occurred is a determination to be made on the facts" (Riverside Research Inst., 68 NY2d at 692). Only where the pertinent facts are not in dispute should the determination be made as a matter of law (see Brock Enters. v Dunham's Bay Boat Co., 292 AD2d 681, 683 [3d Dept 2002]).
Here, we conclude that because plaintiff did not respond to the request for production of documents with respect to mitigating damages, or to defendants' notice of deposition, the record lacks evidence relating to plaintiff's conduct upon gaining possession of the premises. While plaintiff's agent averred in plaintiff's reply papers that plaintiff had not relet the premises, that fact alone is not dispositive on the issue whether plaintiff accepted the tenant's surrender of the premises (see Centurian Dev., 60 AD2d at 100), nor is plaintiff's initial refusal to accept surrender (see Gray v Kaufman Dairy & Ice Cream Co., 162 NY 388, 389, 398 [1900]).
Further, while plaintiff had no duty to mitigate damages (see Holy Props. v Cole Prods., 87 NY2d 130, 134 [1995]), any actions it may have taken to offset the rent owed by defendants are relevant to determining the amount of damages (see Iskalo Elec. Tower LLC v Stantec Consulting Servs., Inc., 174 AD3d 1420, 1423 [4th Dept 2019]; Clearview Farms LLC v Fannon, 145 AD3d 1556, 1556-1557 [4th Dept 2016]). Thus, contrary to plaintiff's contention in its opposition to defendants' cross motion, the discovery sought by defendants is relevant to the issues presented in plaintiff's motion for summary judgment (see generally CPLR 3101 [a]). Additionally, because plaintiff seeks accelerated rent constituting liquidated damages (see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 74 n 3 [2020]; 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 535-536 [2014]), defendants should have been afforded an opportunity to obtain information regarding whether the undiscounted accelerated rent amount was disproportionate to plaintiffs's actual losses and thus an enforceable penalty (see generally 172 Van Duzer Realty Corp., 24 NY3d at 537; Clearview Farms LLC, 145 AD3d at 1556-1557). We therefore conclude that the court abused its discretion in denying defendants' cross motion to compel inasmuch as the disclosure sought was " 'material and necessary' " to opposing plaintiff's motion (Buffamante Whipple Buttafaro, Certified Public Accountants, P.C. v Dawson, 118 AD3d 1283, 1284 [4th Dept 2014], quoting CPLR 3101 [a]), and we likewise conclude that the court erred in granting plaintiff's motion for summary judgment (see CPLR 3212 [f]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court