Spinelli's Pizza, Inc. v G&T1 Corp. (2022 NY Slip Op 05011)

Spinelli's Pizza, Inc. v G&T1 Corp.

2022 NY Slip Op 05011

Decided on August 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 157571/18 Appeal No. 16067 Case No. 2020-04564 

[*1]Spinelli's Pizza, Inc., Plaintiff-Respondent,
v
G&T1 Corp. Doing Business as Carl's Jr. Hardee's et al., Defendants-Appellants.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Steven E. Frankel of counsel), for appellants.
Pollack & Sharan, LLP, New York (Adam Paul Pollack of counsel), for respondent.

Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered April 30, 2020, which granted plaintiff's motion for summary judgment as to liability and denied defendants' cross motion to dismiss the third through tenth causes of action pursuant to CPLR 3211 or 3212, unanimously modified, on the law, to grant defendants' motion as to the third, fourth, fifth, and sixth causes of action, and otherwise affirmed, without costs.
The motion court correctly granted plaintiff summary judgment on its first and second causes of action for breach of the sublease and guaranty. Plaintiff established its entitlement to summary judgment as to liability by submitting the sublease, the guaranty, and proof that defendants vacated the premises before the expiration of the lease term (see e.g. Holy Props. v Cole Prods., 87 NY2d 130, 133-134 [1995]; Chip Fifth Ave. LLC v Quality King Distribs., Inc., 158 AD3d 418, 418 [1st Dept 2018], lv dismissed 32 NY3d 947 [2018]). However, the motion court incorrectly determined that whether a surrender occurred was a question that could be resolved at a hearing on damages. The question of whether there was a surrender — either expressly or by operation of law - bears directly on the extent of defendants' liability under the sublease and guaranty, as "[g]enerally, a tenant is relieved of its obligation to pay full rent due under a lease where it surrenders the premises before expiration of the term and the landlord accepts its surrender" (University Sq. San Antonio, Tx. LLC v Mega Furniture Dezavala, LLC, 198 AD3d 1284, 1285 [4th Dept 2021]).
Defendants argue that there are issues of fact as to whether there was an express surrender or a surrender by operation of law that warrant denial of plaintiff's motion for summary judgment as to liability under the sublease and guaranty. These arguments are unavailing. Plaintiff expressly reserved its rights under the lease and guaranty in communications with defendants after defendants indicated their intent to surrender the premises. Defendants' claim that there was a surrender by operation of law is based only on a speculative self-serving affidavit from the guarantor and is not otherwise supported by the record.
Defendants also assert that after they allegedly gave notice of their intent to surrender the premises, plaintiff's agent demanded that they surrender the premises "as is," i.e., with the Carl's Jr. Hardee's franchise build-out intact and with the equipment remaining, in anticipation that plaintiff would successfully negotiate to operate the franchise on its own. Defendants further argue that plaintiff did not thereafter notify defendants of any alleged defects or demand that defendants cure any defect pursuant to the terms of the lease after plaintiff vacated the premises. Even if defendants had evidentiary support for their claims, plaintiff's conduct after defendants indicated their intent to terminate the lease was not "so inconsistent with the landlord[*2]-tenant relationship that it indicates their intent to deem the lease terminated" (Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691-692 [1986]).
Additionally, defendants' claim that plaintiff intentionally waived its rights under the sublease and guaranty is not supported by the record. Defendants specifically argue that plaintiff orally waived the requirement under the guaranty that the premises be surrendered "in the condition required under the Lease, including, without limitation, removal of all movable equipment, trade fixtures, inventory and other items of personal property." Here, however, the sublease includes a "no waiver" clause and plaintiff expressly informed defendants that its acceptance of the premises was "specifically without waiver" as to its "rights and remedies" under the sublease and guaranty. Moreover, defendants "failed to demonstrate that the claimed oral modification [that the premises be surrendered 'as is'] is enforceable under either the concept of partial performance or equitable estoppel" (Joseph P. Day Realty Corp. v Jeffrey Lawrence Assoc., 270 AD2d 140, 141 [1st Dept 2000]).
The third and fourth causes of action against the tenant and guarantor respectively for payment of the additional security deposit due under article 31 of the lease must be dismissed since, under General Obligations Law § 7-103, security deposits are trust funds owned by the depositor and, therefore, contrary to plaintiff's contention, they are not a "payment" obligation that would constitute "additional rent" under article 40.
The fifth and sixth causes of action against the tenant and guarantor respectively for the recoupment of a rent abatement granted to the tenant for the first 90 days of the sublease pursuant to article 41 fail to state a cause of action. Plaintiff cites New 24 W. 40th St. LLC v XE Capital Mgt., LLC (104 AD3d 513 [1st Dept 2013]), in which "the express terms of the parties' 'rent credit' provision allowed the landlord to collect the amount of the credit extended if the lease was ever terminated due to defendant's material default thereunder" (id. at 514). By contrast, article 41(b) provides in relevant part that "during such ninety-day period, Tenant shall otherwise be required to comply with all of the other terms, covenants and conditions of this Lease on Tenant's part" so as to be eligible for the rent abatement. Moreover, plaintiff failed to identify any default by defendants that occurred in the first 90 days of the subtenancy.
A hearing on damages may proceed consistent with the terms of this decision.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 23, 2022