■ STEVE MARCHIONDA & ASSOCIATES, INC., Respondent, v MAXIMUM EXPRESS DELIVERY, INC., et al., Defendants, and ERIC J. TAYLOR, Appellant. [625 NYS2d 113] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court abused its discretion in denying the motion of defendant Eric J. Taylor insofar as it sought to vacate the default judgment entered against him. The court that rendered a judgment by default may relieve a party from it upon a showing of a reasonable excuse for the delay in appearing and answering the complaint and a meritorious defense to the action (CPLR 5015 [a] [1]; see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141; Gray v B. R. Trucking Co., 59 NY2d 649, 650; Voss Dental Lab v Surgitex, Inc., 210 AD2d 985; Klenk v Kent, 103 AD2d 1002, appeal dismissed 63 NY2d 953).

Taylor demonstrated a reasonable excuse for his delay. He timely turned the summons and complaint over to his employer, defendant Maximum Express Delivery, Inc., which advised him that its insurance company would be handling his defense and would indemnify him for any losses for which there was liability. Moreover, there is no indication in this record that Taylor intended to abandon the action; to the contrary, he travelled over 300 miles to attend the inquest on damages after he received notice of that proceeding. In addition, Taylor promptly moved to vacate the default judgment after it was entered. Taylor also established a meritorious defense, viz., his lack of negligence, and comparative negli-

gence on the part of plaintiff and the other defendants. In fact, plaintiff concedes that comparative negligence is a meritorious defense. Furthermore, plaintiff, who has obtained judgment against the other defendants, will not be prejudiced by vacating the default. (Appeal from Order of Supreme Court, Yates County, Falvey, J.—Vacate Default Judgment.) Present —Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.