■ REBECCA TESTA, an Infant, by Her Mother and Natural Guardian, GERALDINE TESTA, Appellant, v KOERNER FORD OF SYRACUSE, INC., et al., Respondents. (Appeal No. 1.) [689 NYS2d 909] —Appeal unanimously dismissed without costs (*see, Matter of Ozolins* [appeal No. 2], 65 AD2d 958). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Default Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.

■ REBECCA TESTA, an Infant, by Her Mother and Natural Guardian, GERALDINE TESTA, Plaintiff, v KOERNER FORD OF SYRACUSE, INC., et al., Respondents. FINKELSTEIN, LEVINE, GITTELSOHN & PARTNERS et al., Appellants. (Appeal No. 2.) [689 NYS2d 818] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs and judgment ordered in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries sustained in an automobile accident in September 1991 and was represented by Robert W. Hock, an attorney

with Finkelstein, Levine, Gittlesohn & Partners (Firm). Supreme Court (Tormey, III, J.) scheduled the trial for December 1, 1997. On that date, Robert Levey, another attorney with the Firm, advised Justice Tormey that Hock was concluding another case in the courthouse and would be ready to select a jury in plaintiff's case that afternoon. Justice Tormey assigned the case for trial to Justice John W. Brandt. Levey and Diane Van Epps, defendants' attorney, appeared before Justice Brandt and were told that jury selection would take place the following afternoon. Justice Brandt also advised both attorneys that he would consider defendants' motion for summary judgment while the jury was being selected. Levey encountered Justice Tormey in the courthouse later that same day and was told that the action had been dismissed because of plaintiff's failure to proceed to trial.

Thereafter, Justice Tormey, *sua sponte*, advised the parties that he was considering the imposition of sanctions against the Firm because of allegedly false statements that Hock made in a CPLR 3101 (d) expert disclosure form. Specifically, on October 31, 1997, Hock submitted a supplemental response to defendants' demand for expert disclosure. That response identifies Drs. Jack Sproul and Mary Jo Dunbar as expert witnesses who might testify at trial on plaintiff's behalf and states that they "will testify that the [plaintiff's] injuries are causally connected to the accident". Dr. Sproul, however, had stated in a report submitted to plaintiff that he did not believe that her injuries were causally related to the accident; he reiterated that opinion in a letter dated November 13, 1997. The report was submitted to defendants and served in part as the basis for defendants' motion for summary judgment.

A sanctions hearing was held on December 17, 1997 before Justice Tormey. The court refused to allow any member of the Firm to discuss or submit evidence regarding the underlying merits of the case, advising the parties that "the issue here is not the merits of the case". The court concluded that the Firm and Hock had made material and fraudulent misrepresentations "to delude the defendants to pay substantial sums of money in order to settle this action" and imposed sanctions of $10,000 against the Firm and $2,500 against Hock, citing CPLR 8303-a and 22 NYCRR subparts 130-1 and 130-2. The court further required the Firm and Hock to reimburse defendants for attorney's fees and costs related to the entire action, amounting to almost $14,000. These appeals arise from an order granting a default judgment (appeal No. 1), an order awarding costs and sanctions (appeal No. 2), and an order

denying plaintiff's motion to vacate the default judgment and denying the motion to renew the motion for costs and sanctions (appeal No. 3).

The court properly denied plaintiff's motion to vacate the default judgment. A plaintiff seeking relief from a default judgment must establish a reasonable excuse for the default and a meritorious cause of action (*see, Martinez v Otis El. Co.*, 213 AD2d 523; *see also, Marchionda & Assocs. v Maximum Express Delivery*, 213 AD2d 1071). We conclude that plaintiff established a reasonable excuse for the default. Levey was present before Justice Tormey and affirmed in his motion papers that he was prepared to select a jury in Hock's absence. Additionally, Justice Brandt had assumed control of the trial, and it was inappropriate for Justice Tormey to grant a default judgment to defendants after Justice Brandt had advised the parties that the trial would begin the next day. Justice Tormey acted precipitously in granting defendants a default judgment. We further conclude, however, that plaintiff failed to establish a meritorious cause of action. The medical records submitted by plaintiff do not establish or even suggest that her injuries were caused by the September 1991 accident, nor did plaintiff establish that she sustained a serious injury (*see,* Insurance Law § 5102 [d]). The black and white copies of photographs of plaintiff taken by an investigator in February 1998 do not establish significant disfigurement, and the medical reports establish nothing more than abrasions and contusions. Thus, with respect to appeal No. 3, the court properly denied the motion to vacate the default judgment.

In imposing sanctions on Hock and the Firm, the court cited CPLR 8303-a and 22 NYCRR subparts 130-1 and 130-2. CPLR 8303-a authorizes a court to impose sanctions and award costs and reasonable attorney's fees for the commencement or continuation of a frivolous action. Here, the court refused to allow the Firm to present evidence regarding the underlying merits of the case and stated that it was imposing sanctions based upon misrepresentations in the expert disclosure form. Thus, the court erred in imposing sanctions pursuant to CPLR 8303-a without considering the frivolous nature of the action. In any event, the statute is to be used to examine claims and defenses and may not be expanded to matters such as discovery abuse (*see, Harley v Druzba*, 169 AD2d 1001, 1002).

The court improperly imposed sanctions on Hock pursuant to 22 NYCRR subpart 130-2, which concerns the "unjustified failure to attend a scheduled court appearance". Levey, as substitute counsel, appeared in court and was prepared to go

forward with the case (see, 22 NYCRR 130-2.1 [b] [4]). Thus, we modify the order in appeal No. 2 by vacating the third ordering paragraph that imposed a sanction on Hock pursuant to subpart 130-2. We further conclude that the imposition of a $10,000 sanction against the Firm pursuant to 22 NYCRR subpart 130-1 for frivolous conduct (see, 22 NYCRR 130-1.1 [a]) is excessive. In the exercise of our discretion, we further modify the order by reducing the sanction to $2,000, $1,000 payable by the Firm and $1,000 payable by Hock. Finally, we conclude that the award of costs and attorney's fees in connection with the entire action constitutes an abuse of discretion. Because the court did not make a finding that the action was frivolous and refused to allow the Firm to present testimony or proof at the sanctions hearing regarding the underlying merits of the case, it was error for the court to award costs and attorney's fees for the entire action. We further modify the order by vacating the award of costs and attorney's fees in connection with the entire action and awarding defendants attorney's fees associated with counsel's appearance on December 1, 1997. According to records submitted by defendants, their attorney's fees for that day amounted to $722.50. Thus, we further modify the order by ordering that judgment be entered in favor of defendants in that amount.

Finally, with respect to appeal No. 3, the court erred in imposing costs and attorney's fees in connection with the motion to vacate the default judgment. Because plaintiff's counsel was not given the opportunity to argue the merits of the case at the sanctions hearing, and plaintiff's only recourse with respect to the merits was to seek to vacate the default judgment, plaintiff's counsel should not be penalized for having made the appropriate motion. Thus, we vacate those ordering paragraphs imposing costs and attorney's fees on the motion to vacate the default judgment. We have examined the remaining contentions of the parties and conclude that they are without merit. (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—Counsel Fees.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.