THOMAS J. SMOLINSKI, Respondent, v MATTHEW A. SMOLINSKI, Appellant, et al., Defendant. [786 NYS2d 881]—

Appeal from an order of the Supreme Court, Erie County

(Joseph R. Glownia, J.), entered April 1, 2003. The order granted plaintiff's motion for a default judgment against defendant Matthew A. Smolinski.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly exercised its discretion in granting plaintiff's motion for a default judgment pursuant to CPLR 3215 (a) with respect to Matthew A. Smolinski (defendant). "A defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action to avoid the entering of a default judgment or to extend the time to answer" (*Ennis v Lema*, 305 AD2d 632, 633 [2003]; *see Dye v Columbia*, 280 AD2d 513 [2001]). Here, the sole excuse offered by defendant for his default is that his liability insurer initially notified him of its disclaimer of coverage before commencement of the action but had "continued to investigate the matter to determine if [it was] obligated to defend the claim against [him]." According to defendant, after service of plaintiff's instant motion for a default judgment 2½ years later, his liability insurer "determined that it would provide a defense for [him]." That proffered excuse is unavailing, inasmuch as it does not explain the failure of defendant to appear or answer when he knew that his liability insurer had disclaimed coverage. In any event, "an excuse that the delay in appearing or answering was caused by the defendant's insurance carrier is insufficient" (*Ennis*, 305 AD2d at 633; *see O'Shea v Bittrolff*, 302 AD2d 439 [2003]). "Given the failure of defendant to demonstrate a reasonable excuse for [his] default, we need not address whether defendant demonstrated a meritorious defense to the action" (*Johnson v McFadden Ford*, 278 AD2d 907, 907 [2000]; *see Solorzano v Cucinelli Family*, 1 AD3d 887, 887-888 [2003]).

Finally, defendant's contention that the court should have denied the motion and dismissed the amended complaint sua sponte pursuant to CPLR 3215 (c) is raised for the first time on appeal and therefore is not preserved for our review (*see Fischer v Zepa Consulting AG.*, 263 AD2d 946, 947 [1999], *affd* 95 NY2d 66 [2000]; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.