■ JAMES WARREN et al., Appellants, v ANN C. MIKLE et al., Respondents. [836 NYS2d 299]—

In an action, inter alia, for specific performance of an option agreement for the purchase of real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 9, 2006, which denied their motion to stay a summary holdover proceeding commenced by the

defendants James B. Wahl and Jolene Wahl in District Court, Suffolk County, which was converted by the court to a motion for a preliminary injunction, and, sua sponte, granted summary judgment to the defendants dismissing the complaint on the ground of issue preclusion.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, granted summary judgment to the defendants dismissing the complaint is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order as denied the motion to stay the summary holdover proceeding commenced by the defendants James B. Wahl and Jolene Wahl in District Court, Suffolk County, which was converted by the court to a motion for a preliminary injunction, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements.

Although neither party had moved for summary judgment, the Supreme Court searched the record and granted summary judgment to the defendants dismissing the complaint on the ground of issue preclusion. "While the Supreme Court has the power to award summary judgment to a nonmoving party, predicated upon a motion for that relief by another party, it may not sua sponte award summary judgment if no party has moved for summary judgment" (Rainbow Hill Homeowners Assn., Inc. v Gigante, Inc., 32 AD3d 533, 533 [2006] [citations omitted]), unless it appears from a reading of the parties' papers that they were deliberately charting a course for summary judgment by laying bare their proof (id.). Here, the Supreme Court erred in granting summary judgment to the defendants dismissing the complaint on the ground of issue preclusion in the absence of an application for such relief or notice to the parties (see Mawson v Historic Props., LLC, 30 AD3d 480, 481 [2006]; Jacobs v Mostow, 23 AD3d 623, 624 [2005]; Hoeffner v John F. Frank, Inc., 302 AD2d 428, 430 [2003]; Gibbs v Kinsey, 120 AD2d 701 [1986]).

The appeal from so much of the order as denied the motion to stay the summary holdover proceeding commenced by the defendants James B. Wahl and Jolene Wahl in District Court, Suffolk County, which was converted by the court to a motion for a preliminary injunction, is dismissed as academic, as the proceeding has been concluded.

The plaintiffs' remaining contentions are academic. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.