■ PITTSFORD PLAZA COMPANY LP, Respondent, v TLC WEST LLC, Appellant. [844 NYS2d 814]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered January 10, 2007 in a declaratory judgment action. The judgment, among other things, denied defendant's motion for summary judgment and granted plaintiff's cross motion for, inter alia, summary judgment on the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the first, fourth and sixth decretal paragraphs, denying the cross motion and reinstating the counterclaims and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that a proposed lease agreement with The Cheesecake Factory, a restaurant that is not a party to this action, did not violate the terms of plaintiff's lease agreement with defendant, the operator of an Applebee's Neighborhood Bar & Grill (Applebee's). The lease provides in relevant part that plaintiff is prohibited from leasing space in the Pittsford Plaza shopping center to a competing restaurant, which is defined as "a full service, sit down, family theme restaurant such as TGI Fridays, Chili's, Bennigans, Zebb's or similar concept restaurants." After answering the complaint, defendant moved for summary judgment seeking, inter alia, a declaration that Applebee's and The Cheesecake Factory are competing restaurants, and plaintiff cross-moved for, inter alia, summary judgment on the complaint, seeking a declaration that The Cheesecake Factory is not a competing restaurant within the meaning of the lease agreement. We conclude on the record before us that there is an issue of fact whether The Cheesecake Factory is a competing restaurant and thus whether plaintiff's proposed lease of space to that restaurant violated the terms of the parties' lease agreement. Supreme Court thus properly denied defendant's motion but erred in granting plaintiff's cross motion, and we therefore modify the judgment accordingly. The record contains expert affidavits submitted by plaintiff stating that the two restaurants were not in competition based upon their concepts, clientele,

menus, and prices. We agree with defendant that the court erred in refusing to consider the affidavits of three experts submitted by defendant in opposition to plaintiff's cross motion, and we therefore further modify the judgment accordingly. Those three experts expressly contradicted the opinions set forth in the expert affidavits submitted by plaintiff, instead opining that the restaurants were in competition. Although defendant "could not rely in support of [its] motion on evidence submitted for the first time in [its] reply papers" (*GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]), we conclude that the three expert affidavits were submitted by defendant in opposition to plaintiff's cross motion, and were not merely reply papers in support of its own motion. Summary judgment therefore is inappropriate because, "as a general principle, 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Jaromin v Northrup*, 39 AD3d 1264, 1265 [2007]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.