■ ERIK CRANDALL, Respondent, v WRIGHT WISNER DISTRIBUTING CORP. et al., Defendants, and CLAUDE G. WRIGHT, Individually and Doing Business as WRIGHT REAL ESTATE PARTNERSHIP, et al., Appellants. [872 NYS2d 802]—

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered September 7, 2007 in a personal injury action. The order, inter alia, denied the motion of defendant Wright Real Estate, L.L.C. to vacate a default judgment and extend its time to answer.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the judgment entered August 9, 2006 is vacated, defendant Wright Real Estate, L.L.C. is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer, and the cross motion is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while working at a construction site. Defendant Wright Real Estate, L.L.C. (LLC) failed to answer the complaint, and Supreme Court (Egan, J.) granted plaintiff's motion seeking a default judgment against the LLC. We agree with the LLC and defendants Claude G. Wright and Claude H. Wright, doing business as Wright Real Estate Partnership (Partnership), that Supreme Court (Barry, J.) erred in denying the motion of the LLC to vacate the default judgment and extend the LLC's time to answer. "A defendant seeking to vacate a default under [CPLR 5015 (a)] must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). Here, after the Partnership, as owner, entered into the contracts for the construction project, the Partnership converted into the

LLC pursuant to Limited Liability Company Law § 1006. The LLC submitted evidence that the insurance carrier for the Partnership retained counsel to defend the Partnership but not the LLC, and that the insurance carrier and counsel were unaware of the conversion and the carrier's duty to defend the LLC prior to the entry of the default judgment. We conclude that the LLC thus demonstrated a reasonable excuse for the LLC's default (*see Dodge v Commander*, 18 AD3d 943, 945 [2005]; *Hayes v Maher & Son*, 303 AD2d 1018 [2003]) and, in addition, that the LLC has a meritorious defense to the action. "Given the brief overall delay, the promptness with which [the LLC] moved to vacate the judgment, the lack of any intention on [the LLC's] part to abandon the action, plaintiff's failure to demonstrate any prejudice attributable to the delay, and the preference for resolving disputes on the merits, we conclude that [the LLC's] default in appearing must be excused" (*Mayville v Wal-Mart Stores*, 273 AD2d 944, 945 [2000]). In view of our decision, we do not address the alternative contention that the answer served by the Partnership should be deemed to have been served by the LLC. Finally, in view of our decision, plaintiff's cross motion for an inquest on damages must be dismissed as moot (*see Estate of Witzigman v Drew*, 48 AD3d 1172 [2008]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.