ROBERT VERLE CASE, Appellant, v CAYUGA COUNTY et al., Respondents, et al., Defendants. [875 NYS2d 705]—

Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered May 15, 2007. The order, among other things, dismissed the amended complaint against defendants Cayuga County, James H. Orman, Cayuga County Treasurer, and Alan P. Kozlowski, Director, Cayuga County Real Property Tax Services.

It is hereby ordered that the order so appealed from is unanimously modified on the law by reinstating the amended complaint against defendants Cayuga County, James H. Orman, Cayuga County Treasurer, and Alan P. Kozlowski, Director, Cayuga County Real Property Tax Services, and by providing that the motion is granted in part and that plaintiff is directed to accept service of the answer to the amended complaint of those defendants dated November 27, 2006 and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to vacate the conveyance of three parcels of property to defendant Cayuga County (County) following tax foreclosure proceedings. Supreme Court did not abuse its discretion in impliedly granting that part of the motion of the County, its County Treasurer and its Director of Real Property Tax Services (County defendants) for an order compelling plaintiff to accept service of their late answer to the amended complaint against them and in denying plaintiff's cross motion for a default judgment against them (*see* CPLR 3012 [d]; *Humphrey v*

*WIXT News Ch. 9*, 12 AD3d 1087 [2004]; *Cleary v East Syracuse-Minoa Cent. School Dist.*, 248 AD2d 1005 [1998]; *see also Village of Parish v Weichert*, 291 AD2d 818 [2002]). Because the order on appeal does not expressly grant that part of the motion seeking to compel plaintiff to accept service of the late answer, we modify the order accordingly. "Public policy favors the resolution of a case on the merits, and a court has broad discretion to grant relief from a pleading default if there is a showing of merit to the defense, a reasonable excuse for the delay and it appears that the delay did not prejudice the other party" (*Cleary*, 248 AD2d 1005 [1998]; *see Humphrey*, 12 AD3d 1087 [2004]). The attorney's affirmation submitted in support of the motion established that the default was of short duration, was attributable to law office failure and was not willful. Further, inasmuch as the County defendants timely answered the original complaint and the amended complaint against them was substantially the same as the original complaint, plaintiff has failed to demonstrate that he was prejudiced by the six-day delay in the service of the answer to the amended complaint (*see generally Niagara Mohawk Power Corp. v Freed*, 278 AD2d 839, 841 [2000]).

Contrary to plaintiff's contention, an affidavit of merit is not a precondition to obtaining relief under CPLR 3012 (d) (*see Weis v Weis*, 138 AD2d 968, 969 [1988]; *Ching v Ching*, 125 AD2d 934 [1986]). In any event, we conclude that the affirmation of the County defendants' attorney and the answer to the amended complaint itself established several meritorious defenses (*see generally Matter of Manufacturers & Traders Trust Co. v Myers*, 38 AD3d 965 [2007], *lv dismissed* 8 NY3d 1019 [2007]). Contrary to plaintiff's further contention, any defect in the verification of the answer of the County defendants to the amended complaint should be ignored inasmuch as plaintiff failed to demonstrate that he was substantially prejudiced by that alleged defect (*see* CPLR 3026; *Duerr v 1435 Tenants Corp.*, 309 AD2d 607 [2003]; *Matter of Nafalski v Toia*, 63 AD2d 1039 [1978]).

We agree with plaintiff, however, that the court erred in sua sponte granting the County defendants summary judgment dismissing the amended complaint against them, and we therefore further modify the order accordingly. " 'While the [c]ourt has the power to award summary judgment to a nonmoving party, predicated upon a motion for that relief by another party, it may not sua sponte award summary judgment if no party has moved for summary judgment' . . ., unless it appears from a reading of the parties' papers that they were deliberately

charting a course for summary judgment by laying bare their proof" (*Warren v Mikle*, 40 AD3d 974, 975 [2007]). "The power of the court to award summary judgment for or against a nonmoving party pursuant to CPLR 3212 (b) does not dispense with the necessity for fair notice and an opportunity of a party to present his or her defenses" (*Whitman Realty Group, Inc. v Galano*, 52 AD3d 505, 506 [2008]). Here, it does not appear on the record before us that plaintiff and the County defendants were "charting a course for summary judgment" (*Warren*, 40 AD3d at 975). The County defendants did not move for summary judgment dismissing the amended complaint against them, nor indeed did they move to dismiss the amended complaint against them for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Although plaintiff's cross motion for a default judgment against the County defendants sought summary judgment on the amended complaint as an alternative form of relief, the attorney's affirmation submitted in support of the cross motion did not address the merits of the case, and we thus do not deem the cross motion to be one for summary judgment (*see generally Sylvester v New Water St. Corp.*, 16 AD3d 486, 488 [2005]). Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.