■ Peter G. Davidson et al., Respondents, v Straight Line Contractors, Inc., Respondent, and Karla Gerrie, Appellant, et al., Defendant. (Appeal No. 1.) [905 NYS2d 811]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (David Michael Barry, J.), entered February 19, 2009. The judgment, inter alia, granted plaintiffs' motion for a default judgment against defendant Karla Gerrie.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and plaintiffs are directed to accept service of the answer of defendant Karla Gerrie dated October 21, 2008.

Memorandum: In appeal No. 1, Karla Gerrie (defendant) appeals from a judgment that, inter alia, granted plaintiffs' motion for a default judgment and denied defendant's cross motion

to compel plaintiffs to accept service of defendant's untimely answer. In appeal No. 2, defendant appeals from an amended order that denied her motion seeking leave to reargue and vacatur of the default judgment entered against her in appeal No. 1.

With respect to appeal No. 1, we conclude that Supreme Court abused its discretion in granting plaintiffs' motion and denying defendant's cross motion upon determining that defendant failed to establish a reasonable excuse for her default in answering the complaint. " 'Public policy favors the resolution of a case on the merits, and a court has broad discretion to grant relief from a pleading default if[, inter alia,] there is a showing of . . . a reasonable excuse for the delay and it appears that the delay did not prejudice the other party' " (*Case v Cayuga County*, 60 AD3d 1426, 1427 [2009], *lv dismissed* 13 NY3d 770 [2009]). Here, the excuse offered by defendant was that she mistakenly assumed that the attorneys representing her in two other actions related to the same construction project had received a copy of the summons and complaint in this action and were acting to protect her interests. Indeed, the record establishes that she contacted her attorneys and acted to protect her interests upon being served with plaintiffs' motion. Under the circumstances of this case, we conclude that defendant's excuse was reasonable and that the delay did not prejudice plaintiffs (*see e.g. Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039, 1040 [2009]; *Crandall v Wright Wisner Distrib. Corp.*, 59 AD3d 1059, 1060 [2009]; *Cavagnaro v Frontier Cent. School Dist.*, 17 AD3d 1099 [2005]; *cf. Smolinski v Smolinski*, 13 AD3d 1188, 1189 [2004]).

Although the court did not reach the further requisite issue whether defendant established that she has a meritorious defense inasmuch as it determined that she failed to offer a reasonable excuse for her pleading default (*see Smolinski*, 13 AD3d at 1189), we conclude on the record before us that defendant met her burden in that respect by demonstrating "that there is support in fact for [her] . . . defenses" (*Bilodeau-Redeye v Preferred Mut. Ins. Co.*, 38 AD3d 1277, 1277 [2007] [internal quotation marks omitted]; *see Evolution Impressions, Inc.*, 59 AD3d at 1040).

In sum, "given the brief overall delay, the promptness with which defendant [responded to plaintiffs' motion], the lack of any intention on defendant's part to abandon the action, plaintiff[s'] failure to demonstrate any prejudice attributable to the delay, and the preference for resolving disputes on the merits," we conclude that the order in appeal No. 1 must be re-

versed, plaintiffs' motion denied and defendant's cross motion granted (*Mayville v Wal-Mart Stores*, 273 AD2d 944, 945 [2000]).

With respect to appeal No. 2, we conclude that the appeal from the order in that appeal must be dismissed. First, it is well established that no appeal lies from an order denying a motion for leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]), and thus the appeal from the order in appeal No. 2 must be dismissed to that extent. Second, in view of our determination in appeal No. 1 granting defendant's cross motion to vacate the default judgment, the appeal from the order in appeal No. 2 must be dismissed as moot to the extent that defendant seeks vacatur of the default judgment in appeal No. 1. Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.