■ ALICE BOYNTON et al., Respondents, v HARU SAKE BAR, Appellant. [968 NYS2d 430]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 22, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff Alice Boynton was injured when she fell while walking over cellar doors located on the sidewalk outside defendant restaurant. Defendant submitted evidence, including hospital records, showing that at the time of her fall, Ms. Boynton suffered a fainting spell and pointed to Ms. Boynton's testimony that she had no recollection of the accident. Defendant also submitted evidence demonstrating that it did not receive a delivery on the afternoon of Ms. Boynton's fall and that its sidewalk cellar doors were not opened.

In opposition, plaintiffs raised a triable issue of fact. Plaintiff John Boynton stated that his wife, immediately after her fall, pointed to the cellar hatch doors and said that they moved. Viewing this hearsay together with other competent evidence, including that Mr. Boynton observed that deliverymen were, at the time, depositing boxes on the sidewalk, at the edge of the cellar door hatch, triable issues were raised as to whether the cellar doors might have been handled from the inside, causing them to move, at the moment Ms. Boynton traversed over them (*see Bah v Benton*, 92 AD3d 133, 135 [1st Dept 2012]). Ms. Boynton's hearsay statements may be relied upon to defeat the motion since they are not too vague and speculative to support an inference of negligence and there exists other competent evidence supporting plaintiffs' theory of liability.

It is noted, however, that plaintiffs' negligence theory predicated upon an alleged hazardous one-half-inch differential between the level of the sidewalk and the frame to the cellar hatch doors fails. Photographic evidence shows that the height differential is trivial, and an insufficient basis for finding liability on the part of defendant (*see Schwartz v Bleu Evolution Bar & Rest. Corp.*, 90 AD3d 488 [1st Dept 2011]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Gische, JJ.

■

Motion seeking to strike portions of reply brief denied.