# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

676

CA 12-01654

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

ANNE M. ACCETTA, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

AFTON R. SIMMONS, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF JACOB P. WELCH, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered June 14, 2012. The order denied the motion of plaintiff for a default judgment and granted the cross motion of defendant to compel plaintiff to accept the answer as timely.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action arising from a motor vehicle accident, plaintiff appeals from an order that denied her motion for a default judgment and granted defendant's cross motion seeking, inter alia, to compel plaintiff to accept service of the late answer. Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in denying the motion and granting the cross motion.

It is well settled that " '[p]ublic policy favors the resolution of a case on the merits, and a court has broad discretion to grant relief from a pleading default if there is a showing of merit to the defense, a reasonable excuse for the delay and it appears that the delay did not prejudice the other party' " (*Case v Cayuga County*, 60 AD3d 1426, 1427, *lv dismissed* 13 NY3d 770). Furthermore, "[t]he determination whether an excuse is reasonable lies within the sound discretion of the motion court" (*Lauer v City of Buffalo*, 53 AD3d 213, 217; *see Armele v Moose Intl.*, 302 AD2d 986, 987). Here, defendant met her burden with respect to a meritorious defense by demonstrating that there is factual support for her defenses (*see generally Davidson v Straight Line Contrs., Inc.*, 75 AD3d 1143, 1144; *Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039, 1040).

Contrary to plaintiff's further contention, defendant provided a

reasonable excuse for the delay in serving an answer.  Defendant submitted evidence establishing that she notified her insurer that an action had been commenced against her, but the insurance company's representative misunderstood the conversation and took no action to begin the process of providing an attorney to represent her.  The insurer promptly provided an attorney after defendant sent it a copy of the complaint, however, and also attempted to contact plaintiff's attorney regarding the matter.  In addition, the attorney sent the answer to plaintiff's attorney within 40 days after the deadline for timely service had passed.  We agree with defendant that she thereby demonstrated a reasonable excuse for her default, "which resulted from the inadvertence of [defendant]'s liability insurer" (*Hayes v R.S. Maher & Son*, 303 AD2d 1018, 1018; *see Dodge v Commander*, 18 AD3d 943, 945; *see generally Crandall v Wright Wisner Distrib. Corp.*, 59 AD3d 1059, 1059-1060).  Insofar as we indicated in our decision in *Smolinski v Smolinski* (13 AD3d 1188, 1189) that " 'an excuse that the delay in appearing or answering was caused by the defendant's insurance carrier is insufficient' " to establish a reasonable excuse for a delay in answering, it is no longer to be followed.  Rather, the determination whether delay caused by an insurer constitutes a reasonable excuse for a default in answering lies "in the discretion of the court in the interests of justice" (*Castillo v Garzon-Ruiz*, 290 AD2d 288, 290; *see* CPLR 2005).  Finally, we conclude that plaintiff failed to establish that she sustained any prejudice from the brief delay (*see generally Case*, 60 AD3d at 1427).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court