■ Dahyabhai M. Patel et al., Appellants, v Primary Construction, LLC, et al., Respondents. [982 NYS2d 340]—

In an action, inter alia, to recover damages for nuisance and trespass, the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated September 14, 2012, as converted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment dismissing the complaint, and thereupon granted the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion is denied.

The Supreme Court erred when it converted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment dismissing the complaint, and thereupon granted the motion. "CPLR 3211 (c) requires that if a court intends to treat a CPLR 3211 motion as one for summary judgment under CPLR 3212, it must give the parties notice of its intention to do so" (*Hendrickson v Philbor Motors, Inc.,* 102 AD3d 251, 258 [2012]; *see Mihlovan v Grozavu,* 72 NY2d 506, 508 [1988]; *Deutsche Bank Natl. Trust Co. v Kuldip,* 108 AD3d 686, 687 [2013]). While the defendants contend that such notice was not required because the parties unequivocally charted a summary judgment course on the motion (*see generally One Monroe, LLC v City of New York,* 89 AD3d 812, 813 [2011]; *Harris v Hallberg,* 36 AD3d 857, 858 [2007]), that exception to the notice requirement is not applicable here because the parties' evidentiary submissions were not so extensive as to indicate that they were laying bare their proof (*see generally Wesolowski v St. Francis Hosp.,* 108 AD3d 525, 526 [2013]; *Sunset Cafe, Inc. v Mett's Surf & Sports Corp.,* 103 AD3d 707, 708 [2013]; *Warren v Mikle,* 40 AD3d 974, 975 [2007]), and the plaintiffs may have made different offers of proof to defeat a

summary judgment motion if they had received such notice (*see Hoeffner v John F. Frank, Inc.*, 302 AD2d 428, 430 [2003]).

The defendants' remaining contentions are without merit. Rivera, J.P., Balkin, Hinds-Radix and Maltese, JJ., concur.