# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**402**

**CA 14-01496**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

JEFFREY P. CARY, INDIVIDUALLY AND AS FATHER OF
JOAN CARY, AN INFANT, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MICHAEL A. CIMINO AND DOMINICK F. CIMINO,
DEFENDANTS-APPELLANTS.

---

MCCABE, COLLINS, MCGEOUGH & FOWLER, LLP, CARLE PLACE (TAMARA M.
HARBOLD OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 5, 2014. The order, inter alia, granted the motion of plaintiff for a default judgment and denied the motion of defendants to compel plaintiff to accept service of their answer.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied, defendants' motion to compel plaintiff to accept service of the answer is granted, and plaintiff is directed to accept service of the answer dated January 17, 2014.

Memorandum: Plaintiff, individually and on behalf of his daughter, commenced this action seeking damages for injuries his daughter sustained in an incident involving a vehicle operated by Michael A. Cimino (defendant) and owned by defendant Dominick F. Cimino. Plaintiff's daughter was standing on the sidewalk selling either cigarettes or marihuana to defendant in the vehicle, and was dragged alongside the vehicle when defendant drove forward during the transaction. Defendant pleaded guilty to reckless assault in the second degree in connection with the incident. As relevant to this appeal, plaintiff moved for a default judgment upon defendants' failure to serve a timely answer, and defendants moved to compel plaintiff to accept service of their answer. We conclude that Supreme Court abused its discretion in granting plaintiff's motion and denying defendants' motion, and we therefore reverse.

We agree with defendants that plaintiff failed to establish his entitlement to a default judgment. Plaintiff's submissions in support of his motion included, inter alia, his own affidavit and the

complaint, but his affidavit did not demonstrate personal knowledge of the incident, and the complaint was not verified.  We therefore conclude that plaintiff failed to submit adequate "proof of the facts constituting the claim" (CPLR 3215 [f]; *see Williams v North Shore LIJ Health Sys.*, 119 AD3d 937, 938; *Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651; *see generally Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71).  We note that the affidavit of plaintiff's daughter, which was submitted with reply papers that also opposed a cross motion by defendants, could not be properly used to remedy the deficiencies in plaintiff's initial submissions (*see Pittsford Plaza Co. LP v TLC W., LLC*, 45 AD3d 1272, 1274; *see also Givan v Makin*, 115 AD3d 1224, 1224; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355).

Moreover, even assuming, arguendo, that plaintiff made a prima facie showing of entitlement to a default judgment, we agree with defendants that the court abused its discretion in granting plaintiff's motion and denying their motion.  Defendants established a reasonable excuse for their default, which resulted from "the inadvertence of [their] liability insurer" (*Accetta v Simmons*, 108 AD3d 1096, 1097; *see Hayes v Maher & Son*, 303 AD2d 1018, 1018; *Abramovich v Harris*, 227 AD2d 1000, 1000), and further established the existence of a meritorious comparative negligence defense (*see Steve Marchionda & Assoc. v Maximum Express Delivery*, 213 AD2d 1071, 1071-1072; *see also Strychalski v Dailey*, 65 AD3d 546, 547; *Captain v Hamilton*, 178 AD2d 938, 939).  "[G]iven the brief overall delay, the promptness with which defendant[s] [responded to plaintiff's motion], the lack of any intention on defendant[s'] part to abandon the action, plaintiff['s] failure to demonstrate any prejudice attributable to the delay, and the preference for resolving disputes on the merits" (*Davidson v Straight Line Contrs., Inc.*, 75 AD3d 1143, 1144-1145), we conclude that defendants have established entitlement to their requested relief.

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court