# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**572**
**CA 16-01895**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN CITY OF
BUFFALO, PETITIONER-RESPONDENT,

AND                                                MEMORANDUM AND ORDER

BRAND-ON SERVICES, INC., RESPONDENT.
--------------------------------------------------
MORTON H. WITTLIN, INTERVENOR-PLAINTIFF-APPELLANT.

---

FREID AND KLAWON, WILLIAMSVILLE (ADAM B. CONNERS OF COUNSEL), FOR
INTERVENOR-PLAINTIFF-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 11, 2016. The judgment granted petitioner's motion to dismiss the complaint of intervenor-plaintiff Morton H. Wittlin.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Intervenor-plaintiff Morton H. Wittlin commenced this action against petitioner, the City of Buffalo (City), seeking a declaration that he has a valid security interest in certain floating docks in the Erie Basin Marina. The City moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and for a declaration that ownership of the floating docks is free and clear of any right or interest possessed by Wittlin. Supreme Court granted the City's motion, dismissed the complaint, and made the declaration sought by the City.

As a preliminary matter, we note that because this is a declaratory judgment action, the court erred in dismissing the complaint (*see Tumminello v Tumminello*, 204 AD2d 1067, 1067; *see generally Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954). In any event, we conclude that the court erred in granting the substantive relief sought by the City. Contrary to the City's view, its evidentiary submissions do not conclusively establish that the City owned the docks in 2009 and that Wittlin does not have a valid security interest in the docks (*see Donald Braasch Constr. Inc. v State Ins. Fund*, 98 AD3d 1302, 1302-1304; *Pittsford Plaza Co. LP v TLC*

*W. LLC*, 45 AD3d 1272, 1273-1274; *see generally Fillman v Axel*, 63 AD2d 876, 876).