Vogt v Eberhardt (2018 NY Slip Op 05431)





Vogt v Eberhardt


2018 NY Slip Op 05431


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


827 CA 17-00065

[*1]RICHARD G. VOGT, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF LINDA VOGT, DECEASED, PLAINTIFF-APPELLANT,
v
WILLIAM B. EBERHARDT, JR., AND JULIA A. BERGAN, DEFENDANTS-RESPONDENTS. 






MICHAEL A. ROSENHOUSE, ROCHESTER, FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered October 6, 2016. The order, inter alia, granted the motion of defendants to vacate a default judgment and vacated the default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and Linda Vogt, now deceased, commenced this action seeking damages for injuries sustained by Vogt when she fell after she caught the heel of her shoe in the track of a sliding glass door at the Sherwood Inn (Inn) in September 2012. The Inn is owned and operated by defendant William B. Eberhardt, Jr., and defendant Julia A. Bergan is an employee of the Inn.
In August 2014, plaintiff and Vogt commenced an action (first action) against Dining Associates, Inc., doing business as Sherwood Inn (Dining Associates), alleging that Vogt's injuries resulted from the negligence of Dining Associates. Eberhardt, who is also the owner of Dining Associates, forwarded the summons and complaint to the insurance carrier for the Inn, Nationwide Insurance Company (Nationwide), and Nationwide assigned counsel to defend Dining Associates in the first action. In September 2015, after plaintiff and Vogt learned that the Inn was not owned by Dining Associates, they commenced the instant action against defendants. Defendants forwarded the summons and complaint to Nationwide, just as Eberhardt had done in the first action. Nationwide received the documents and did not deny coverage to defendants, but Nationwide failed to assign counsel to represent defendants. Defendants subsequently defaulted in the instant action, and Supreme Court granted the motion of plaintiff and Vogt for a default judgment on the issue of liability. Plaintiff now appeals from an order that granted defendants' motion to vacate the default judgment. We affirm.
"A party seeking to vacate an order or judgment on the ground of excusable default must offer a reasonable excuse for its default and a meritorious defense to the action" (Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]; see Calaci v Allied Interstate, Inc. [appeal No. 2], 108 AD3d 1127, 1128 [4th Dept 2013]). The determination whether the moving party's excuse is reasonable lies within the sound discretion of the court (see Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1099 [4th Dept 2013]).
We reject plaintiff's contention that defendants failed to proffer a reasonable excuse for their default. Defendants submitted an affidavit of the claims specialist for Nationwide who was responsible for managing their defense, which established that the claims specialist had received copies of the summons and complaint in the instant action and determined that defendants were [*2]entitled to a defense and indemnification. Although she communicated that information to the law firm that was defending Dining Associates in the first action, the claims specialist inadvertently neglected to assign counsel to represent defendants in the instant action. We conclude that Nationwide's inadvertent failure to assign counsel to defendants is a reasonable excuse for their default (see Cary v Cimino, 128 AD3d 1460, 1461 [4th Dept 2015]; Accetta v Simmons, 108 AD3d 1096, 1097 [4th Dept 2013]; Hayes v Maher & Son, 303 AD2d 1018, 1018 [4th Dept 2003]). We note that defendants "evidenc[ed] a good faith intent to defend the proceeding on the merits" (Reilly v City of Rome, 114 AD3d 1255, 1256 [4th Dept 2014] [internal quotation marks omitted]), and plaintiff, who caused a lengthy delay in the first action by failing to comply with discovery demands, was not prejudiced by the delay in this action (see Accetta, 108 AD3d at 1097).
Contrary to plaintiff's further contention, we conclude that defendants proffered a meritorious defense to the action by submitting evidence establishing a prima facie case of trivial defect (see generally Wells Fargo Bank, N.A., 149 AD3d at 1552; Calaci, 108 AD3d at 1129). Defendants submitted evidence establishing that the track of the sliding glass door was approximately half an inch wide, and similar terrain differentials have been held to be trivial as a matter of law (see Leverton v Peters Groceries, 267 AD2d 1014, 1015 [4th Dept 1999]; see also Palladino v City of New York, 127 AD3d 708, 710 [2d Dept 2015]; Boynton v Haru Sake Bar, 107 AD3d 445, 445 [1st Dept 2013]).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court