Nerayoff v Khorshad (2019 NY Slip Op 00290)





Nerayoff v Khorshad


2019 NY Slip Op 00290


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10313
 (Index No. 603835/17)

[*1]Steven Nerayoff, respondent, 
v
Hamid Khorshad, etc., appellant.


Gene W. Rosen, Kew Gardens Hills, NY, for appellant.
Yitzhak Law Group, Great Neck, NY (Erica T. Yitzhak and Lavinia A. Acaru of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered August 7, 2017. The order, inter alia, granted the plaintiff's motion.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is denied, and the motion and answering papers are deemed to be the complaint and the answer, respectively.
The plaintiff moved pursuant to CPLR 3213 for summary judgment in lieu of complaint, seeking to recover the sum of $25,000, plus interest, based on a promissory note. The Supreme Court granted the plaintiff's motion. The defendant appeals, arguing that the plaintiff's moving papers failed to establish his prima facie entitlement to judgment as a matter of law.
"To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to pay in accordance with the note's terms" (Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706; see Lugli v Johnston, 78 AD3d 1133, 1135; Gullery v Imburgio, 74 AD3d 1022, 1022). Here, the affirmation of the plaintiff's attorney, who lacked personal knowledge of the facts, was insufficient to establish that the defendant defaulted under the note. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456). Moreover, the plaintiff's own affidavit attesting to the defendant's default, submitted in reply, could not properly be used to remedy the fundamental deficiencies in the plaintiff's initial submission (see Cary v Cimino, 128 AD3d 1460, 1461).
Accordingly, the plaintiff's motion should have been denied, regardless of the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court