McGrane-Mungo v Dag Hammarskjold Tower (2025 NY Slip Op 05464)

McGrane-Mungo v Dag Hammarskjold Tower

2025 NY Slip Op 05464

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 159019/20, 595219/22|Appeal No. 4885|Case No. 2024-06476|

[*1]Ana McGrane-Mungo, Plaintiff-Respondent,
v
Dag Hammarskjold Tower et al., Defendants, Dag Hammerskjold Tower Condominium et al., Defendants-Appellants. [And a Third-Party Action]

Fixler & LaGattuta, LLP, New York (Jason L. Fixler of counsel), for appellants.
Silbowitz Garafola Silbowitz & Schatz LLP, Great Neck (Kayla Bargeron of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about October 1, 2024, which, to the extent appealed from, denied the motion of defendants Dag Hammarskjold Tower Condominium, Board of Managers of Dag Hammarskjold Tower Condominium, and Douglas Elliman Property Management (collectively, defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that she tripped and fell on misleveled sidewalk flags in front of defendants' property. Defendants established prima facie that the alleged defect was trivial through their submission of a photo exchanged by plaintiff during discovery, which depicted the defect and a tape measure apparently measuring the defect as less than half an inch in height (see e.g. Boynton v Haru Sake Bar, 107 AD3d 445, 445 [1st Dept 2013]). Contrary to plaintiff's argument and the motion court's conclusion, defendants were not required to have an expert opine as to the measurement depicted in the photo (cf. Lansen v SL Green Realty Corp., 103 AD3d 521, 522 [1st Dept 2013]). Defendants also established prima facie their lack of notice of the alleged defect through their resident manager's testimony that he inspected the area daily, never noticed the condition, and never received any complaints about it (see e.g. Gomez v Congregation K'Hal Adath Jeshurun, Inc., 104 AD3d 456, 456 [1st Dept 2013]).
In opposition, plaintiff raised an issue of fact as to the triviality of the defect through her expert engineer's affidavit, which was supported by photos that he took and included in his report, measuring the defect to be greater than half an inch high and, therefore, in violation of Administrative Code of the City of New York § 19-152(a)(4) and Rules of City of New York Department of Transportation (34 RCNY) § 2-09(f)(5)(iv). Violations of that ordinance and rule, respectively, are "not per se non-trivial, and therefore actionable as a matter of law," but they are "one factor to consider when deciding the issue of triviality" (Trinidad v Catsimatidis, 190 AD3d 444, 445 [1st Dept 2021]; see e.g. Barrett v Sacks & Sacks, LLP, 237 AD3d 636, 637 [1st Dept 2025]; see also e.g. D'Amico v Archdiocese of N.Y., 95 AD3d 601, 601 [1st Dept 2012]). Plaintiff also raised an issue of fact as to notice based on her expert engineer's opinion that the sidewalk was in a defective condition for a lengthy period of time (see e.g. Gomez, 104 AD3d at 456-457; Tese-Milner v 30 E. 85th St. Co., 60 AD3d 458, 458-459 [1st Dept 2009]). Defendants' arguments that plaintiff's expert engineer did not take his measurements properly, and that he did not account for the photo on which defendants rely, go to the weight to be afforded to the engineer's opinions, which must be assessed by the factfinder, and not by the court at the summary judgment stage.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025