■ JAMES CLARK, Respondent, v HAROLD SHERWOOD, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: We find sufficient support in this record to partially grant defendant's motion to vacate the default judgment awarding plaintiff treble damages under RPAPL 861 (2). In our view, defendant has demonstrated that his default was legally "excusable" and that he has a meritorious defense to the award of treble damages (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693, 695; Klenk v Kent, 103 AD2d 1002, appeal dismissed 63 NY2d 953; Leone v Johnson, 99 AD2d 567, 568; County Asphalt v North Rockland Underground Corp., 96 AD2d 570; Siegel, NY Prac § 108, at 135). When served with the summons and complaint, defendant, a Pennsylvania resident, consulted his local attorney. The Pennsylvania attorney sought and obtained an extension of time to respond to the complaint. A letter was then forwarded by this lawyer to plaintiff's attorney, with a copy to defendant, advising that it would be necessary for defendant to retain New York counsel to defend the actions herein. The letter went on to state "[a]lthough, we have not yet obtained New York counsel I have advised Mr. Sherwood to make efforts in that regard during my [vacation] however, immediately upon my return, if he has not been successful, definitive action will be taken and your office so advised." It is apparent that defendant's Pennsylvania attorney failed to take any further action as advised. Thus, there is presented a valid excuse why defendant might justifiably have believed his interests were being protected when in fact, they were not. The court is not

precluded from exercising its discretion in the interest of justice to excuse delay or default resulting from law office failure (CPLR 2005), if application is made within one year (CPLR 5015 [a]).

Each of these related actions sought to recover treble damages for defendant's wrongful cutting and removal of timber from property owned by plaintiffs. Treble damages will not be awarded "[w]here the verdict, report, or decision finds affirmatively that the injury for which the action was brought, was casual and involuntary, or that the defendant, when he committed the injury, had probable cause to believe that the land was his own" (RPAPL 861 [2] [a]). In support of his motion to vacate, defendant submitted several affidavits showing that when he purchased the parcel of timber, the seller showed him the boundary lines and that if any timbering was done outside those lines "it was done casual and involuntary and with probable cause to believe that the premises were owned by [the seller]". Should defendant successfully establish this defense at trial, he would not be liable for treble damages. However, in our view, defendant has not established a meritorious defense to plaintiff's claim for actual damages and, therefore, defendant remains liable for actual damages. (Appeal from order of Supreme Court, Steuben County, Siracuse, J.—vacate default judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Pine, JJ.