■ GENESEE MANAGEMENT, INC., et al., Appellants, v DEBRA N. BARRETTE et al., Defendants, and FIREMAN'S FUND INSURANCE Co., Respondent. [771 NYS2d 778]—

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered October 15, 2002. The order, insofar as appealed from, vacated a default judgment against defendant Fireman's Fund Insurance Co.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a declaration that Fireman's Fund Insurance Co. (defendant) must defend and indemnify them in the underlying action. Plaintiffs moved for a default judgment upon the failure of defendant to answer the complaint within the extension of time granted to it by plaintiffs' counsel. Supreme Court granted plaintiffs' motion for a default judgment.

Contrary to plaintiffs' contention, the court properly granted defendant's subsequent motion to vacate the default judgment. To obtain relief from a default judgment on the ground of excusable default (see CPLR 5015 [a] [1]), a defendant is required to establish both a reasonable excuse for the default and the existence of a meritorious defense (see Hayes v R.S. Maher & Son, 303 AD2d 1018 [2003]). A disposition on the merits is the favored method of resolution and, "in the absence of an improvident exercise of discretion, [appellate courts] will defer to the determination by Supreme Court as to whether sufficient facts exist so as to warrant vacatur" (Colonie Constr. Prods. v Titan Indem. Co., 265 AD2d 716, 718-719 [1999]). Here, defendant tendered a reasonable excuse for the default and established the existence of a meritorious defense, i.e., late notice. In addition, the delay was brief. Thus, we conclude that defendant established its entitlement to vacatur of the default judgment (cf. id.). Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.