■ CATHERINE BILODEAU-REDEYE, Respondent, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant. [831 NYS2d 815]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered August 2, 2006. The order denied defendant's motion to vacate an order granting a default judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is granted and the order dated December 6, 2006 is vacated.

Memorandum: Plaintiff commenced this action seeking "supplementary uninsured/underinsured motorists coverage" for injuries that she allegedly sustained in a motor vehicle collision. Supreme Court erred in denying the motion of defendant to vacate the order granting a default judgment against it. The court determined that defendant established a reasonable excuse for the default but denied the motion upon its further determination that defendant failed to make the requisite showing of the existence of a meritorious defense (see CPLR 5015 [a] [1]; Quis v Bolden, 298 AD2d 375 [2002]). We reverse. "The quantum of proof required to prevail [on a motion to vacate a default order or judgment] is not as great as is required to oppose summary judgment" (Clark v MGM Textiles Indus., 307 AD2d 520, 521 [2003]). Here, defendant met its burden by establishing " 'that there is support in fact for [its] . . . defenses' " (Callahan Hydraulics v Mechanical Man Car Wash Mfg. Co., 43 AD2d 896, 897 [1974]). Where the moving party meets that burden, courts have a liberal policy with respect to vacating defaults (see Cavallaro v Cavallaro, 278 AD2d 812, 813 [2000], lv dismissed 96 NY2d 792 [2001]). In support of its motion, defendant established that plaintiff may have been primarily if not solely at fault for the occurrence of the accident, having exited her driveway into the path of a vehicle traveling with the right of way. Moreover, defendant established that plaintiff

suffered from preexisting medical conditions and thus that the injuries allegedly sustained in the accident may not meet the serious injury threshold under Insurance Law § 5102 (d). Defendant also established that the accident may not have been a proximate cause of the injuries allegedly sustained in the accident. We thus conclude that the court erred in denying defendant's motion, particularly in view of "the judicial preference for resolving cases on their merits" (*Cavagnaro v Frontier Cent. School Dist.*, 17 AD3d 1099 [2005]). Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.