ESTATE OF JAMES J. WITZIGMAN, Deceased, Respondent, v JOHN R. DREW, Appellant. [850 NYS2d 776]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), dated October 2, 2006. The order, among other things, denied defendant's motion to vacate a default judgment of foreclosure.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the judgment entered April 13, 2005 is vacated and the cross motion is dismissed.

Memorandum: Plaintiff commenced this action seeking to foreclose upon an equitable mortgage encumbering certain real property purchased by defendant from plaintiff's decedent. Supreme Court entered a default judgment of foreclosure and, in light of the "judicial preference for resolving cases on their merits" (*Cavagnaro v Frontier Cent. School Dist.*, 17 AD3d 1099 [2005]), we agree with defendant under the circumstances of this case that the court erred in denying his motion to vacate the default judgment. "To obtain relief from a default judgment on the ground of excusable default . . . , a defendant is required to establish both a reasonable excuse for the default and the existence of a meritorious defense" (*Genesee Mgt. v Barrette*, 4 AD3d 874, 875 [2004]; *see* CPLR 5015 [a] [1]). " 'The quantum of proof required to prevail [on a motion to vacate a default . . . judgment] is not as great as is required to oppose summary

judgment' " (*Bilodeau-Redeye v Preferred Mut. Ins. Co.*, 38 AD3d 1277, 1277 [2007]). Here, defendant presented evidence establishing that plaintiff's attorney assured him that he did not have to answer the complaint if he provided plaintiff's attorney with receipts evidencing payment of the underlying debt. Indeed, plaintiff's attorney admitted in his affidavit in opposition to the motion that he received numerous receipts from defendant. In addition, defendant submitted copies of receipts for payments evidencing payment in full. Although in opposition plaintiff raised an issue of fact with respect to the validity of the receipts by submitting the affidavit of a handwriting expert who concluded that certain receipts were forged, we conclude that the issue concerning the validity of the receipts should be resolved in the action rather than on a motion to vacate a default judgment (*see Solomon Abrahams, P.C. v Peddlers Pond Holding Corp.*, 125 AD2d 355, 357 [1986]; *General Elec. Credit Corp. v Zemrus*, 115 AD2d 953 [1985]).

In light of our determination, we need not reach defendant's remaining contentions and the merits of plaintiff's cross motion. Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.