■ EVOLUTION IMPRESSIONS, INC., Respondent, v JAMES D. LEWANDOWSKI et al., Appellants. [873 NYS2d 405]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered February 28, 2007. The order, insofar as appealed from, denied that part of the motion of defendants seeking to vacate a default order and judgment in its entirety.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion seeking to vacate the default order and judgment in its entirety is granted, and the order and judgment entered August 4, 2006 is vacated in its entirety.

Memorandum: Defendants appeal from an order denying in part their motion seeking, inter alia, to vacate a default order and judgment entered against them following their failure to oppose plaintiff's motion for summary judgment on the complaint. It is well settled that, in order to establish their entitlement to vacatur of the default order and judgment, defendants were required to establish "both a reasonable excuse for the default and the existence of a meritorious defense" (*Wilcox v U-Haul Co.*, 256 AD2d 973, 973 [1998]; *see generally* CPLR 5015 [a] [1]). "[A]lthough the decision whether to vacate a default judgment rests within the sound discretion of the trial court, it is equally true that a disposition on the merits is

favored" (*Wilcox*, 256 AD2d at 974 [internal quotation marks omitted]).

We agree with defendants that they established a reasonable excuse for their default. Defendants established that the default resulted from confusion over the substitution of counsel (*see generally Lovisa Constr. Co. v Facilities Dev. Corp.*, 148 AD2d 913, 914 [1989]) and that, at the time of the default, they had a reasonable belief that their legal interests were being adequately protected by counsel (*see Clark v Sherwood*, 117 AD2d 973 [1986]; *cf. Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). We further conclude that defendants met their burden of establishing a meritorious defense by demonstrating "that there is support in fact for [their] . . . defenses" (*Bilodeau-Redeye v Preferred Mut. Ins. Co.*, 38 AD3d 1277, 1277 [2007] [internal quotation marks omitted]), i.e., that there are issues of fact that preclude summary judgment in favor of plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Furthermore, there are unresolved issues between the parties that require further litigation even if we were to deny the relief sought by defendants, and we conclude under the circumstances of this case that both fairness and judicial economy warrant the resolution of this case on the merits (*see Estate of Witzigman v Drew*, 48 AD3d 1172, 1173 [2008]; *see generally Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831, 832-833 [1987]). Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.