(February 10, 2011)

■ ALBERTO TORRES et al., Appellants, v 1148 BRYANT AVE., INC., et al., Respondents. [916 NYS2d 107]—

Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered on or about November 1, 2009, which, inter alia, granted defendant 1148 Bryant Ave.'s motion to vacate the default judgment against it, unanimously affirmed, without costs.

The motion court's grant of the motion to vacate the default judgment against defendant 1148 Bryant Ave. constituted a provident exercise of its discretion (*see Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039 [2009]) that should not be disturbed. The court correctly concluded that defendant's submissions established excusable neglect. Defendant also demonstrated the existence of a sufficiently meritorious defense to the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). We reject plaintiffs' contention that defendant failed to demonstrate a meritorious defense as to the claim brought pursuant to Labor Law § 240 (1). In the present context, where the moving defendant was not yet in possession of the facts concerning the working conditions at the premises, and knew only those facts that were alleged in the complaint, the assertions contained in the affidavit of merit pointing out the existence of the potentially viable defenses of recalcitrant worker (*see Cherry v Time Warner, Inc.*, 66 AD3d 233 [2009]) or sole proximate cause (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]) were sufficient, notwithstanding the relative rarity of those defenses' success. Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Manzanet-Daniels, JJ.