Down East Seafood, Inc., Plaintiff-Respondent,
against
Sibling Fuel Company, Inc., a/k/a Pullum/Sibling Fuel Co., Inc., Defendant-Appellant.



Defendant appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Sharpe, J.), entered on April 26, 2018, which denied its motion to vacate a default judgment.




Per Curiam.
Order (Carol R. Sharpe, J.), entered on April 26, 2018, reversed, with $10 costs, motion granted, default judgment vacated, and matter remanded to Civil Court for further proceedings.
Considering the strong policy favoring resolution of cases on the merits (see Chevalier v. 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413—414 [2011]), we favorably exercise our discretion and grant defendant's prompt motion to vacate the default judgment. The default does not appear to have been willful or deliberate, but rather the result of excusable law office failure. In addition, given the unresolved issues between the parties, as is demonstrated by their litigation of closely related issues in Bronx County Civil Court, "we conclude under the circumstances of this case that both fairness and judicial economy warrant the resolution of this case on the merits" (Evolution Impressions, Inc. v. Lewandowski, 59 AD3d 1039, 1040 [2009]; see IGS Realty Co., L.P. v. James Catering, Inc., 99 AD3d 528, 530 [2012]).
Civil Court should not have denied defendant's vacatur motion as moot on the ground that the judgment was satisfied. Inasmuch as plaintiff levied the judgment amount by execution while defendant's CPLR 5015 motion was pending, the Court retained jurisdiction to vacate the default judgment (see Cach, LLC v Ryan, 158 AD3d 1193, 1194 [2018]; cf. H.D.I. Diamonds, Inc. v Frederick Modell, Inc., 86 AD2d 561 [1982], appeal dismissed 56 NY2d 645 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 28, 2019