Matter of American Reliable Ins. Co. v Delmonte (2020 NY Slip Op 07996)





Matter of American Reliable Ins. Co. v Delmonte


2020 NY Slip Op 07996


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 159806/19 Appeal No. 12737N Case No. 2020-00793 

[*1]In the Matter of American Reliable Insurance Company to Stay Arbitration, Petitioner-Respondent,
v
Rocco Delmonte, Respondent-Appellant.


Cellino & Barnes, Buffalo (Gregory V. Pajak of counsel), for appellant.
Jeffrey Samel & Partners, New York (Robert G. Spevack of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 14, 2020, which denied respondent's motion for leave to renew or, in the alternative, to vacate a prior default order granting a permanent stay of arbitration, unanimously affirmed, without costs.
Respondent filed an uninsured motorist claim under his motorcycle insurance policy, issued by petitioner. Petitioner denied coverage, and respondent served a demand for arbitration. Petitioner then filed a petition to stay arbitration, which respondent failed to oppose, and the petition was granted on default.
A party seeking to vacate an order entered upon default must demonstrate both a reasonable excuse for the default and a potentially meritorious claim or defense, as relevant (see CPLR 5015[a][1]; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914 [2d Dept 2013]).
The court providently denied vacatur because respondent's proffered excuse of law office failure is not supported by the record (see Gonzalez v Praise the Lord Dental, 79 AD3d 550 [1st Dept 2010]). Counsel properly served a demand for change of venue on petitioner pursuant to CPLR 511. However, counsel then failed to make a motion to change venue, as required by CPLR 510 and 511, and also failed to file any opposition to the petition. Counsel claims that he was under the impression that the court would first resolve his demand for a change of venue and cites his unfamiliarity with local rules in Supreme Court, New York County, as a basis for this nonfeasance. However, his asserted excuse is unavailing, because the requirement of filing a motion for change of venue is found not in a local rule but in a statute with statewide applicability — indeed, the very statute that he cited and relied on in serving his demand for change of venue.
As respondent never moved for a change of venue, as required under CPLR 511(a), (b), there was nothing for the court to resolve.
We note that respondent's defense against the stay of arbitration is potentially meritorious. One of the stated reasons for denial of coverage was that, on the date of the accident, respondent did not possess a valid license. However, respondent did in fact possess a restricted license permitting him to drive to and from work, which is not the same as driving with a suspended or revoked license (see People v Rivera, 16 NY3d 654, 656-657 [2011]). Nonetheless, the failure of counsel to comply with statutory
requirements of which he was plainly aware cannot be deemed a reasonable excuse for
his failure to answer the petition. We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020