**Bailey v 477 Madave Holdings LLC**

2024 NY Slip Op 31147(U)

April 3, 2024

Supreme Court, New York County

Docket Number: Index No. 161859/2018

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: HON.LYNN R. KOTLER, J.S.C.                    PART 8

---

Dahlia Bailey                                          INDEX NO. 161859/2018

                                                       MOT. DATE

                    - v -
                                                       MOT. SEQ. NO. 016
477 Madave Holdings LLC, et. al.

---

The following papers were read on this motion to/for __vacate_____

Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits           NYSCEF DOC No(s). _349-357_

Notice of Cross-Motion/Answering Affidavits — Exhibits             NYSCEF DOC No(s). _358-371_

Replying Affidavits                                                NYSCEF DOC No(s). _372-373_

In this personal injury action, defendant/third-party defendant Newgrange Construction Company, Inc. ("Newgrange") now moves to vacate the court's prior order and decision dated July 28, 2023 (CPLR §§ 317 and 5015). The prior order granted plaintiff Dahlia Bailey's ("Bailey") motion for a default judgment against Newgrange to the extent that Newgrange's default in in appearing had been noted, with liability and damages to be determined an inquest to be held at the time of trial. Although Bailey opposes the instant motion, there is no opposition from codefendants G & E Real Estate Management Services, J.A.B. Madison Holdings, Icon Interior, Inc., or P & C Restoration Inc. For the reasons stated below, the motion is granted.

In this action, Bailey alleges that on October 6, 2018, she was working at the premises located at 477 Madison Avenue, New York, NY 10022 (the "premises") in her office located on the sixth floor of the building. At around 12:00PM, Bailey left her office and went down to the lobby of the building to pick up her lunch that was being delivered to her. She met the delivery person in the lobby of the building and, while walking back to the elevator bank, her toe slipped under an opening between two Masonite boards that were laid upon the lobby floor, causing her to trip and fall.

Newgrange argues that the prior decision should be vacated pursuant to CPLR § 5015(a)(1) and CPLR § 317 because it never received the summons and complaint or notice of plaintiff's motion for a default judgment and because it has a meritorious defense. Newgrange also argues that the decision should be vacated pursuant to CPLR § 5015(a)(4) because lack of service means that the court did not have jurisdiction to decide the default judgment motion. Regarding the alleged lack of service, Newgrange asserts that the address that is registered with the Secretary of State and where plaintiff served the summons and complaint, 79 Madison Avenue, Suite #409, New York, NY 10016, is not the address where Newgrange is located. Regarding a meritorious defense, Newgrange maintains that it cannot be held responsible for Bailey's injuries because it was not performing work in the lobby at the time of

Dated: 4/3/24                                    _____
                                                 HON. LYNN R. KOTLER, J.S.C.

**1. Check one:**        ☐ CASE DISPOSED        ☒ NON-FINAL DISPOSITION

**2. Check as appropriate: Motion is**    ☐GRANTED ☐ DENIED ☐ GRANTED IN PART ☒ OTHER

**3. Check if appropriate:**    ☐SETTLE ORDER ☐ SUBMIT ORDER ☐ DO NOT POST

                                ☐FIDUCIARY APPOINTMENT ☐ REFERENCE

[* 1]

Plaintiff's accident, but rather, was a general contractor for an interior fit-out project on the 17th, 18th and 19th floors at the premises.

In support of its motion, Newgrange submits the sworn affidavit of Jennifer Foley, Chief Financial Officer for L&K Partners Inc., a Newgrange affiliate. Foley states, based on personal knowledge, the following. On October 6, 2018, Newgrange had no connection to any construction, restoration or alternation work occurring in the first-floor lobby of the premises. Newgrange's work was limited to the interior fit-out project on the 17th, 18th and 19th floors. Foley also states that Newgrange first became aware of plaintiff's lawsuit on or about August 23, 2023 when it received correspondence from its insurance broker that a default judgment was entered against it. Newgrange never received a copy of the summons and complaint or notice of the default judgment motion. Foley states that the address with the Secretary of State is inaccurate and that Newgrange is not located at 79 Madison Avenue, Suite #409, New York, NY 10016 but rather is located at 104 East 25th Street, 9th Floor, New York, NY 10010. She states that she reviews and analyzes all legal documents served upon Newgrange and that she does not recall receiving, reviewing, or analyzing any legal documents connected to this lawsuit.

Bailey responds that the prior order should not be vacated because Newgrange received service of the summons and complaint and notice of the default judgment motion and it does not have a meritorious defense. Bailey states that, contrary to Newgrange's assertion, Newgrange was personally served with the amended summons and complaint at the correct address, 104 East 25th Street, 9th Floor, New York, NY 10010. Bailey states that the complaint was served upon Ljubibratic and that the affidavit of service described her as "sex: female, race: white, hair: brown, height; 5' 6" - 5' 7", weight: 145 - 155lbs." She also states that service of notice of the motion for default judgment was mailed to Newgrange, and that the affidavits of service create presumptions of proper service that cannot be overcome by a "conclusory denial of receipt of the summons and complaint." She also argues that Newgrange has failed to present a meritorious defense because Newgrange's contract provides that it was responsible for all demolition, dumpsters, removal of flooring and ceiling… and final clean up. In order for Newgrange to dispose of waste from the floors it was working on, it would have needed to take the elevator down to the lobby and carry the garbage out of the lobby door. Additionally, deposition testimony demonstrates that Newgrange was laying down Masonite panels, so it is possible that the Masonite panels that plaintiff tripped on were from Newgrange. Finally, Bach argues that vacating the default would prejudice the plaintiff because she has suffered serious injury and has not worked since the date of the incident.

## DISCUSSION

In an exercise of discretion, the court will first consider the movant's CPLR § 5015 argument. CPLR § 5015(a)(1) states that

> "The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct upon the ground of: excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry.

In order for a party to move to vacate a default pursuant to CPLR § 5015(a)(1), it must demonstrate that it had a reasonable excuse for the default and a meritorious claim or defense (See CPLR 5015[a][1]; *Gray v. B.R. Trucking Co.*, 59 NY2d 649 [1983]). "What constitutes a reasonable excuse for a default generally lies within the sound discretion of the motion court"(*Gecaj v. Gjonaj Realty & Mgt. Corp.*, 149 AD3d 600 [1st Dept 2017]). "This determination is 'sui generis and should be based on all relevant factors, among which are the length of the delay chargeable to the movant, whether the opposing party has been prejudiced, whether the default was willful, and the strong public policy favoring the resolution of cases on the merits'" (*SOS Capital v. Recycling Paper Partners of PA, LLC*, 2023 NY Slip

[* 2]

Op 04480 [1st Dept 2023] quoting *Chevalier v. 368 E. 148th St. Assoc., LLC*, 80 AD3d 411 [1st Dept 2011]).

For the purposes of CPLR § 5015, a defendant does not need to establish its meritorious defense as a matter of law in order to succeed on the motion (*Tat Sang Kwong v. Nudge-Wood Laundry Service, Inc.*, 97 Ad2d 691 [1st Dept 1983]; *see Bilodeau-Redeye v. Preferred Mutual Inc., Co.*, 38 AD3d 1277 [4th Dept 2007] ["[t]he quantum of proof required to prevail on a motion to vacate a default order or judgment is not as great as is required to oppose summary judgment"]; *see also Law Off. of Civardi & Obiol, P.C. v. Weisberg & Weisberg*, 137 AD3d 1226 [2d Dept 2016]). Rather, a defendant must establish a potentially meritorious defense (*American Reliable Insurance Company v. Delmonte*, 189 AD3d 663 [1st Dept 2020]; *see Chen v. Romona Keveza Collection LLC*, 208 AD3d 152 [1st Dept 2022] [stating that a question of whether or not plaintiff was an employee was sufficient to establish a meritorious defense in an employment action]); *Toos v. Leggiadro Intl., Inc.*, 114 AD3d 559 [1st Dept 2014] [stating that a "potentially meritorious action" was sufficient to vacate a default pursuant to CPLR § 5015]).

The decision and order that this motion seeks to vacate was entered on July 28, 2023. This motion was filed on December 15, 2023. Therefore, the motion was made well within the one-year permitted by CPLR § 5015.

Newgrange states that its default is excusable because it never received service of the complaint or notice of the motion. The affidavit of service of notice of the default judgment motion filed by plaintiff in this case alleges service upon Newgrange via mailing of the notice of the motion to 79 Madison Avenue, Suite #409, New York, NY 10016. An averment from a defendant that service was mailed to the wrong address is sufficient to rebut the presumption of proper service (*see Italian Elegant Jewelry, LLC v. Fteha*, 206 AD3d 493 [1st Dept 2022]). In her affidavit, Foley states that Newgrange is not located at 79 Madison Avenue, Suite #409, New York, NY 10016, but rather is located at 104 East 25th Street, 9th Floor, New York, NY 10010. She states that 79 Madison Avenue, Suite #409, New York, NY 10016 is the address on record with the Secretary of State, but that this address is inaccurate. She further states that Newgrange never received service of the notice of the motion for default judgment. Therefore, Newgrange has proffered a sufficient excuse for its failure to respond to plaintiff's default judgment motion.

Next, Newgrange states that it has a meritorious defense based upon the sworn affidavit of Foley and the contract between itself and J.A.B Holdings. In her affidavit, Foley states that on October 6, 2018, Newgrange had no connection to any construction, restoration or alternation work occurring in the first-floor lobby of the premises and that Newgrange's work was limited to the interior fit-out project on the 17th, 18th and 19th floors. The contract between J.A.B. Holdings and Newgrange confirms this: the contract defines the scope of work as: "Demolition of the vacant tenant offices and restrooms on Floors 17, 18 & 19..."

In opposition to Newgrange's motion, Bailey argues that, although Newgrange's work took place on the 17th, 18th and 19th floors, the contract also provides that it was responsible for all demolition, dumpsters, removal of flooring and ceiling... and final clean up. Bailey asserts that in order for Newgrange to dispose of waste from the floors it was working on, it would have needed to take the elevator down to the lobby and carry the garbage out of the lobby door, so it is plausible that Newgrange's materials ended up in the lobby. Additionally, Bailey points to the deposition testimony of Darius Oggioni, the deponent on behalf of Defendant Newmark Grubb Knight Frank. Oggioni testified that he saw Newgrange worker(s) laying down Masonite panels in the building:

> Q. Did you ever see Newgrange Construction put down Masonite panels in the building?
> A. Yes.
> Q. On what floor?
> A. They put them in on 17, 18 and 19.

[* 3]

Q. Did they ever put Masonite panels in the lobby, to the best of your knowledge?
A. They may have but I have no direct knowledge of that.

Oggioni also testified that he "believes" that Sweet Construction also used Masonite panels while conducting construction work in the lobby. Based on Oggioni's testimony, Bailey argues that it is possible that the Masonite panels that the plaintiff tripped on were placed in the lobby by Newgrange. Even if plaintiff's theory is plausible, there is a strong public policy in New York that cases be decided on the merits (see i.e. Johnson-Roberts v. Ira Judelson Bail Bonds, 140 AD3d 509 [1st Dept 2016]) and plaintiff's theory is otherwise in dispute based upon the proof submitted by Newgrange on this motion. Therefore, the court finds that Newgrange has demonstrated a meritorious defense.

Finally, to the extent that Bailey argues vacatur will prejudice her because she sustained a serious injury and has not worked since the accident occurred, the court notes the procedural posture of this case, which is still pre-note of issue as discovery is not yet complete. Moreover, Bailey's claims of prejudice do not outweigh the strong public policy in New York that cases be decided on the merit coupled with Newgrange's substantiated representations that it was unaware of this pending action and the default plaintiff previously obtained against it. Finally, the court will order that any necessary discovery required by Newgrange be completed in an expedited fashion to counter the delay occasioned by Newgrange's late appearance in this action. Accordingly, the motion to vacate the July 28, 2023 order is granted pursuant to CPLR § 5015, the prior order is vacated and Newgrange's answer to plaintiff's amended complaint annexed as Exhibit B to the instant motion (NSYCEF Doc. No. 354) is deemed timely filed.

In light of this result, the court declines to consider the balance of the parties' arguments relating to CPLR § 317 and CPLR § 5015(a)(4) as moot.

In accordance herewith, it is hereby

**ORDERED** that the motion is granted to the extent that the decision and order dated July 28, 2023 is vacated pursuant to CPLR § 5015(a)(1); and it is further

**ORDERED** that defendant Newgrange Construction Company, Inc's answer to plaintiff's amended complaint annexed as Exhibit B to the instant motion (NSYCEF Doc. No. 354) is deemed timely filed; and it is further

**ORDERED** that the balance of the motion is denied as moot; and it is further

**ORDERED** that on or before May 1, 2024, the parties shall meet and confer and submit a stipulation to the court setting deadlines for all remaining discovery to be so ordered.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the decision and order of the court.

Dated: New York, New York

So Ordered

Hon. Lynn R. Kotler, J.S.C.

[* 4]